### HERRITER v. PORTER—HIHN, Intervenor.

A cause of action arising out of contract, or based upon a single or continuous tortious act, cannot be divided up into several demands, and made the subject of separate actions.

If an action be brought to recover possession of a lot of personal property, wrongfully taken and detained, and if the wrongful taking was one continuous and tortious act, a verdict and judgment, in that action, will be a bar to a subsequent suit for the remainder of the property.

The Supreme Court will not presume error, or that facts exist which would show error. If the Court below commits error in its finding or judgment, that error, or the facts necessary to establish it, must be shown affirmatively by the appellant.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

The facts are stated in the opinion of the Court.

*R. F. Peckham*, for Appellants.

There are many decisions against splitting up causes of action, founded in public policy; but they are all in trespass, trover, and actions *ex contractu*.

No case is to be found in which it has been held, that a suit to recover a specific chattel was a bar to another suit to recover another specific chattel, which happened to be in the possession of the defendant at the time.

If such is the law, then if defendant has in his possession different kinds of goods, at the same time—though of the most opposite character—and in distant and different places, a recovery of one—for instance, a horse in Sacramento—would preclude his afterwards suing for a cow in the County of Santa Cruz.

The chattels, in this case, being all of the same kind, can make no difference in principle.

*J. C. Wilson* and *W. W. Stow,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession, or the value, if possession could not be had, of 7,770 redwood posts, in Santa Cruz County, brought by the plaintiff against Porter, Sheriff of that county, and Hihn intervened in the action, claiming to be the owner adverse to the plaintiff. The facts as agreed to are substantially as follows: Prior to July 6th, 1860, the intervenor, Hihn, and others were the owners of a tract of land in said county, known as the "Soquel Augmentation;" and before that date the plaintiff went on the land, cut and took timber thereon, and made the same into posts, to the amount of 12,000 to 14,000—the posts in controversy being a part of them. On that day, the plaintiff had 7,000 of the posts at the warehouse of Hihn & Lynch, 4,000 on the bank of the Soquel Creek, and the remainder on the "Soquel Augmentation." The intervenor, Hihn, and the other owners of the tract of land, on that day, commenced an action in the District Court, against Herriter, the plaintiff to this action, to recover the possession of 3,500 of the posts at the warehouse of Hihn & Lynch, and 5,000 on the "Soquel Augmentation;" and the defendant, Porter, as Sheriff, took from the possession of Herriter, under the affidavit, order, and undertaking in that action, the said 13,777 posts. The plaintiffs in that action recovered a verdict and judgment, against Herriter, for 3,500 posts at the warehouse, and 2,300 of those on the "Augmentation." Herriter having failed to file a bond or undertaking, in the former action, as required by the statute, to enable him to retain possession of the posts, the Sheriff delivered them to Hihn, one of the plaintiffs in that action, who afterwards sold them. Herriter, after the judgment, demanded the posts sued for in this action, of the Sheriff, who failed to deliver them. Upon these facts the Court below found for the plaintiff, and rendered judgment accordingly, from which the defendants appeal.

Herriter *v.* Porter.

It is urged by the appellants, that the timber out of which the posts were made was cut on the land of Hihn and others—therefore, the posts were their property under the rule laid down in the case of *Halleck* v. *Mixer* (16 Cal. 578). That is true, unless they were cut under some contract or agreement with the owners of the land, or with their consent—a fact which does not appear in the statement of facts agreed on.

It is further contended that the 4,000 posts on the bank of the Soquel Creek were not included in the action brought by Hihn and others against Herriter; that the judgment in that action is not a bar to the claim of the intervenor, Hihn, set up in this action. From the agreed statement it would appear that they were not thus included; but the statement shows that the Sheriff, in that action, took possession of those posts with all the others, and delivered them to the plaintiffs in that action, under the order, affidavit, and undertaking therein. This act of the Sheriff does not, however, necessarily show that the right to those particular posts were litigated and determined in that action; but it shows that the intervenor, Hihn, obtained the possession of those 4,000 posts under and by virtue of the proceedings in that action.

If the claim of Hihn and others to all the posts cut by Herriter was founded upon one entire contract respecting them, or upon one single or continuous tortious act on the part of Herriter, then that claim could not be divided up into distinct demands, and made the subject of separate actions. And if it was attempted, a judgment in one action would be a conclusive bar to any other action, upon the principle, that if a plaintiff bring an action for a part only of an entire and indivisible demand, the verdict and judgment in that action will be a conclusive bar to any subsequent suit for another part of the same demand. (*Phillips* v. *Benik*, 16 Johns. 136; *Farrington* v. *Payne*, 15 J. R. 432; *Cunningham* v. *Haines*, 5 Cal. 81.) Whether the former action between these parties was founded upon a contract, or a tort, we are unable to determine from the statement of facts before us. So, too, we are equally unable to determine whether the claim sued for in this action, and that sued for in the former action, formed parts of one entire contract, or are founded upon one single or continuous tortious act. In the absence

of the necessary evidence to determine these points, we cannot pre-. sume they are of such a character as would require us to reverse the judgment of the Court below. If that Court has committed error in its finding or judgment, that error, or the facts necessary to establish it, must be shown affirmatively by the appellant. We cannot presume error, or presume facts to exist which would show error.

The judgment is therefore affirmed.