[Civ. No. 3878. Second Appellate District, Division Two.—July 20, 1923.]

## WILLIAM CARTER, Appellant, v. BEN H. SILL et al., Respondents.

[1] APPEAL—JUDGMENT-ROLL—QUESTIONS CONSIDERED.—On an appeal upon the judgment-roll alone, from a judgment in favor of the defendant in an action to quiet title, the sole question is whether or not the findings of fact support the conclusions of law adduced therefrom and the judgment subsequently rendered and entered thereon.

[2] TENDER — AGREEMENT DELAYING REPLY — RIGHT TO IMMEDIATE ANSWER.—Where there is an express understanding between the successor in interest of the mortgagor and the purchaser at a mortgage foreclosure sale that the latter may have until a certain specified time in which to accept or reject the offer of redemption of the former (the delay being for the purpose of enabling the purchaser's attorney to determine whether the correct amount has been tendered), any semblance of claim to an immediate reply is thereby waived.

[3] ID.—OFFER—REFUSAL.—To constitute a tender, there must be a definite offer to pay on the one hand and an unqualified refusal to accept on the other.

---

3. Sufficiency and effect of tender, notes, 77 **Am. Dec.** 470; 30 **Am. St. Rep.** 460.

[4] ID.—REASONABLE TIME TO ACCEPT OFFER—DISCHARGE OF LIEN.—
Conceding that there had been no agreement to give defendant
until a certain specified time within which to accept or reject
plaintiff's tender or offer of redemption, defendant was entitled
to a limited but sufficient period in which to investigate any ques-
tion involved, whether of law or of fact, and to reach a con-
clusion concerning his rights, and he, within such period, having
notified plaintiff that the latter's offer was accepted and that he
would accept the money and convey at any time before the right
of redemption expired, but plaintiff having failed to make good
his offer, such offer did not effect a discharge of the lien.

APPEAL from a judgment of the Superior Court of
Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. F. Allen for Appellant.

Fred E. Borton for Respondents.

CRAIG, J.—This is an appeal on the judgment-roll alone
from a judgment in favor of the defendants in a suit to
quiet title to certain real property situated at Bakersfield,
in the county of Kern. The plaintiff claims as grantee of
L. L. Bateman.

The complaint is in the usual form. The answer and
supplemental answer allege, and upon a trial of the issues
the court found, that the plaintiff was not the owner of an
interest in, nor entitled to possession of, the property in
suit, but that defendant Sill had legally acquired the title,
was the lawfully constituted owner and entitled to posses-
sion.

The facts as set forth by the defendant's pleadings and in
the findings are, substantially, that on May 8, 1911, one
L. L. Bateman was the owner and in possession of the prop-
erty; that Bateman and wife on that date mortgaged the
same to the Producers Savings Bank, which said mortgage
the bank subsequently assigned to Ben H. Sill; that Sill
thereafter foreclosed this mortgage on October 24, 1918.

It is further alleged, and found by the court, that previ-
ous to such foreclosure, and on October 24, 1913, Bateman
was the owner of the property, subject to said mortgage, and
that on the latter date Sill signed as accommodation maker

with Bateman a note to the Security Trust Company for two thousand dollars, the Batemans in turn executing to Sill and the bank a grant deed, conveying the same property as security; that on May 8, 1914, Sill paid the bank in full its interest on account of this obligation.

That pursuant to the decree of foreclosure under the mortgage of May 8, 1911, one A. T. Lightner, as commissioner named in the decree, sold the property to one Fred Gunther for $2,401.21, which Gunther paid, and received the commissioner's certificate of sale, a duplicate of which was duly recorded, and that subsequently Sill redeemed from Gunther.

The findings of fact further state that on December 5, 1919, the plaintiff and Bateman met the commissioner in the courthouse, displaying certain money to him and stating that Bateman desired to redeem the property from the effect of the sale under foreclosure of May 8, 1911, and that the money offered was the amount for which the property had been sold to Gunther, with interest at one per cent per month from date of sale, but that it did not include the lien of Sill under which he had redeemed. Lightner informed them that before he could act he would have to confer with Sill's attorneys; that thereupon the plaintiff, Carter, and Bateman went to Carter's attorneys, where they met Sill and his attorney; that plaintiff's attorney accompanied them and there offered Sill two thousand eight hundred dollars, stating that it was offered to redeem, but that it did not include Sill's lien for the reason that the latter was barred by limitation. Sill thereupon referred the matter to his counsel, who replied that he would give them an answer the next day at 10 o'clock. After some discussion it was mutually agreed that an answer should be given on the 8th, which was Monday; that Bateman thereupon took the money from Allen and offered it to Sill and to his counsel, demanding a reply "then and there," but defendant's attorney stated that he should have his answer on the 8th, as agreed. On said eighth day of December Sill's counsel notified counsel for the plaintiff in writing that the offer was accepted, and that Sill would receive the money and convey at any time before the 15th, when the right of redemption would expire.

The court then finds that such so-called tender was not made in good faith; that neither Carter, Bateman, nor their counsel offered to pay the amount due; that the period of time between December 5th and December 8th was a reasonable one, and that none of the parties or anyone in their behalf ever returned or availed themselves of the agreement, or of defendant's offer.

The judgment provides that the plaintiff take nothing; that the defendant Sill recover his costs, and that said Sill is the owner and entitled to possession of the lands and premises described.

The appellant contends that the tender effected a discharge of the lien, though it did not constitute a payment of the debt; whereas the respondent's position is that the law allowed him a reasonable time to ascertain the correct amount due and to consult counsel, and that a tender of redemption alone will not discharge a lien, but a tender followed by an unqualified refusal to accept, or by unreasonable delay in acceptance, is essential to such discharge.

[1] Since this appeal is brought upon the judgment-roll alone, the sole question here is whether or not the findings of fact support the conclusions of law adduced therefrom and the judgment subsequently rendered and entered thereon. (*O'Connell* v. *Behan,* 19 Cal. App. 111 [124 Pac. 1038]; *Archer* v. *Harvey,* 164 Cal. 274 [128 Pac. 410, 412].)

Appellant argues that the *refusal* of the tender instantaneously worked a forfeiture or dissolution of the lien. But respondent contends that he did not refuse to accept; that he merely asked one day in which to decide; that appellant's counsel demurred, stating that he would be out of town next day, and that the 8th of December was mutually agreed upon between them as the date upon which Sill should accept or reject the tender; that on Monday, the 8th, respondent offered to accept, and advised appellant in writing that he did accept, but that the latter remained silent and did not make good his offer. The trial court found these facts to be true, and they amply support the judgment. Following the acquisition by Sill of the interests of Gunther and the bank, which constituted, so far as appears, the complete title, it would seem that defendant Ben H. Sill is the owner and entitled to possession of the lands

and premises described, and that the judgment should be upheld.

There was argument by counsel, and much is indulged in the briefs, upon the question of sufficiency as a legal tender of the offer made December 5th. We are satisfied that it was not sufficient. [2] It is further true that the findings reveal an express understanding that respondent should have until the 8th to accept or reject such offer, and that appellant then by his inaction prevented acceptance. This at least constituted a waiver by appellant of any semblance of claim to an immediate reply. Of course, the obligor was at liberty to consent to a postponement, and having done so he is precluded from complaining that the initial offer was not instantly accepted. In *Vance* v. *Dingley,* 14 Cal. 53, it is said that the plaintiff agreed upon a subsequent meeting, and the supreme court held that no question of tender on the first occasion was presented.

Assuming, however, either alternative—the offer of December 5th and postponement to the 8th, or the offer to accept on the 8th and appellant's failure to comply as agreed—the essential features of a lawful tender of redemption, as they have been ruled upon by courts of various jurisdictions, are absent.

[3] "To constitute a tender, there must be a definite offer to pay on the one hand and an unqualified refusal to accept on the other." (*Supreme Tent, K. of M. of W.,* v. *Fisher,* 45 Ind. App. 419 [90 N. E. 1044, 1046].) In *Cape Fear Lumber Co.* v. *Small,* 84 S. C. 434 [66 S. E. 880], the defendant gave plaintiff an option to purchase timber, and within the stipulated time the plaintiff undertook to perform, but defendant refused on the ground that the deed tendered for execution did not contain certain provisions. Plaintiff notified defendant of its willingness that such conditions be included in the deed, whereupon she agreed to execute it, but failed to do so. The court said there was nothing to show that if she had done so she would not have received the purchase money on delivery of the deed.

*Waldron* v. *Murphy,* 40 Mich. 668, is a case in which the legal principles here involved are well exemplified. There, one, Ashbaugh mortgaged certain property to Waldron, and when considerably in arrears tendered payment to the latter's bank, which had no authority to collect, the cashier

declining to accept the money and requesting that he await Waldron's return. On learning that Waldron was in town they went in search of him, and "They met Waldron in the street not far from his house, going with a sister to visit a neighbor. The witnesses do not agree precisely on what took place, but in most respects concur. St. John somewhat abruptly referred to the two mortgages held by Waldron and told him there was the money to pay them. Mr. Waldron intimated that he might take it on one of the mortgages, but that he had told Mr. Ashbaugh, the owner of the land, that the other might run if he wanted it to. On the tender being pressed he objected that his house was not the place where he did business and that he did it at the bank. He said he could not see to count money in the street. On their proposing to go to the bank he objected it was past bank hours and it would be closed. They told him Stewart had agreed to keep the bank open, and Mr. St. John asked him, 'Will you take the money?' and he refused, and said he would be at the bank in the morning, and if they had any business with him he would attend to it then.

"They then returned and made a tender to Stewart, and on his declining for want of authority, deposited the money, not in his bank but in another bank, to the credit of Mr. Armstrong, but designated as Ashbaugh money.

"The next morning Mr. Waldron sent for and had an interview with St. John and offered to receive the money, but it was never paid, and the parties saw fit to rely on their tender.

"It has been held in this state that a willful and absolute refusal to accept a lawful tender discharges a lien. But there is no equity in attempting to avoid both lien and debt, and the security should not be discharged by any action in which the conduct of the creditor is not justifiable. If the refusal of a tender is not unreasonable or absolute, we do not think a mortgage is cut off by it. (Citing many cases.) In the present case, upon a review of the facts, we think the tender was not made under circumstances entitling it to be enforced in this way, if at all."

[4] In the instant case, even though the agreement of the parties to delay the final decision by the respondent until the 8th be disregarded, such a delay under the circumstances was not unreasonable upon his part. The ten-

deree was entitled to a limited but sufficient period in which to investigate any question involved, whether of law or of fact, and to reach a conclusion concerning his rights.

It is important to note that on the 5th, when the offer was made, counsel for respondent expressed willingness to give an answer on the following day, but appellant's counsel stated that this would be inconvenient for him, and suggested that the determination of the matter be delayed until the 8th. The 7th being Sunday, only one day intervened which respondent and his counsel might be expected to devote to consideration of the matter.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.