[Civ. No. 4578. First Appellate District, Division One.—January 31, 1925.]

## J. MACOWSKY, Respondent, v. R. S. IRVINE et al., Appellants.

[1] APPEAL—JUDGMENT-ROLL—QUESTIONS REVIEWABLE.—Where an appeal is taken on the judgment-roll alone, the appellate court is limited in its review to the questions, Does the complaint state a cause of action? Are the findings within the issues? Is the judgment supported by the findings? And, Does reversible error concerning a matter of law appear on the face of the record?

[2] CONTRACTS—RESCISSION—RECOVERY OF MONEY—PLEADING.—Where a contract is rescinded by the vendee on account of fraud, he can sue on common count to recover the money paid or property delivered thereunder.

[3] ID.—RESCISSION—MONEY HAD AND RECEIVED—JOINDER OF ACTIONS.—A cause of action for rescission of contract on the ground of fraud and a cause of action for money had and received, based upon the same transaction, are proper to be joined, under section 427 of the Code of Civil Procedure.

[4] ID.—PLEADING — EQUITY. — The contract having been rescinded, the proper action was by declaration of the cause in equity and suit on the implied promise to repay by the defaulting party of money received, or for the value of the goods.

[5] ID.—DEFECTIVE STATEMENT OF LEGAL COUNT—APPEAL—PRESUMPTIONS—EQUITY.—Plaintiff's complaint being in two counts, one at law as for money had and received and the other in equity for rescission, even if his legal cause of action is defectively stated, the presumptions attaching to the regularity of the proceedings and to support the judgment in his favor will be indulged in, on appeal on the judgment-roll alone, to sustain the finding of indebtedness on the part of the defendants as made in the exercise of the court's equitable powers and to do full justice between the parties.

[6] ID.—ADMITTED FACTS—FINDINGS.—In such action, the contract price of the piano sold to plaintiff and the amount allowed for the jewelry and piano, together with the money paid, passing from plaintiff to defendants for such contract amount, being admitted by the pleadings, findings thereon are unnecessary and they may be considered as facts found to support the judgment.

1. See 2 Cal. Jur. 520–523.

2. Right to recover back money paid on rescission or abandonment of contract, note, 30 L. R. A. 50. See, also, 17 Cal. Jur. 614.

[7] ID.—INABILITY TO RETURN PROPERTY—ALTERNATIVE RELIEF—FIND-
INGS — JUDGMENT — APPEAL. — Upon appeal on the judgment-roll
alone in such action, where fraud clearly appears, the finding of
demand and refusal to return the money and property passing
from plaintiff to defendants will be construed as a finding of
inability or impracticability of return of the property, and the
finding of indebtedness in an amount representing the money paid
and the contract allowance for the property conveyed to defend-
ants will be construed as the trial court's alternative method of
awarding substantial justice.

(1) 4 C. J., p. 665, n. 14.    (2) 27 Cyc., p. 877, n. 77, p. 884, n. 43.
(3) 1 C. J., p. 1085, n. 24.    (4) 1 C. J., p. 1092, n. 28.    (5) 4 C. J.,
p. 786, n. 23.    (6) 38 Cyc., p. 1973, n. 16.    (7) 38 Cyc., p. 1981,
n. 58.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. Thomas F. Graham,
Judge. Affirmed.

The facts are stated in the opinion of the court.

John W. Marshall and Knight, Boland, Hutchinson &
Christin for Appellant.

Brownstone & Goodman for Respondent.

ST. SURE, J.—This is an appeal upon the judgment-roll
alone for a money judgment in favor of plaintiff for the
contract price of a new Ampico piano agreed to be sold by
defendant to plaintiff in consideration of payment of an
aggregate of $1,800, made up as follows: Jewelry, valued
at $755; second-hand piano valued at $400; and cash in the
sum of $645. The judgment also contained a proviso that
upon full payment of the amount adjudged due plaintiff,
with maintenance charges, defendant shall be entitled to
the return of the piano in controversy.

The complaint set out two causes of action, the first for
money had and received in the amount of $1,800, and
the second a statement of a cause of action for rescission
of the contract to purchase on the ground of misrepresenta-
tion and fraud in "dressing up" and delivering a five
year old piano instead of the new one agreed to be pur-
chased by plaintiff, with a statement of notification of re-

scission on discovery of the fraud, offer to return the
piano delivered under the contract and demand for return
of the jewelry, second-hand piano, and cash given in pay-
ment. The prayer is for a money judgment of $1,800, in-
terest from discovery of the fraud, and costs of suit.

Defendant demurred to the complaint generally and for
misjoinder of an action for money had and received with
an action for rescission of a contract. The demurrer was
overruled, defendant answered, the court made findings in
favor of plaintiff on all the allegations of the complaint
for rescission with the exception, save by reference, of
the actual making of the contract, and with an additional
finding setting out the refusal of defendants to return the
property and money delivered in payment of the piano or to
recognize any claim of plaintiff. The concluding finding
declares that by reason of the facts defendants are in-
debted to plaintiff for money had and received in the sum
of $1,800.

As conclusions of law the court determined that plaintiff
recover from defendant $1,800, with interest from the re-
scinding date—alleged as date of discovery of fraud—and
costs of suit. It further concluded that upon full pay-
ment of the amount awarded plaintiff, together with pay-
ment of any sums necessarily expended or incurred by plain-
tiff in insuring, storing, moving, or maintaining said piano
from the date of judgment, defendant shall be entitled to
a return of the Ampico piano described in the complaint.
Judgment was accordingly entered.

Argument is made by appellant that the findings and the
judgment support neither the cause of action for money
had and received, nor for rescission of contract. It is
further argued that the action of money had and received
is an improper one, and that though the court evidently
viewed the action as one for rescission, the findings and
judgment fail to accomplish the result to be effected by such
an action, namely, restoration of the parties to the status
they held before entering into the contract on which
rescission was sought.

[1] The appeal being on the judgment-roll alone, we
are limited in our review to a determination of the ques-
tion, Do the findings support the judgment; or, stated in

its parts, (1) does the complaint state a cause of action, (2) are the findings within the issues, (3) is the judgment supported by the findings, and (4) does reversible error concerning a matter of law appear on the face of the record? (*Norton* v. *Newerf,* 45 Cal. App. 10 [187 Pac. 57].)

The complaint was in two counts,—the first for the full amount of value parted with by the plaintiff in cash, jewelry and Baldwin piano as for money had and received; and the second, a statement of a cause of action for rescission on the ground of fraud; the prayer of the complaint being for a money judgment in the sum of $1,800.

[2] The contract being rescinded the plaintiff could sue on common count to recover money paid or property delivered thereunder. (Note, 30 L. R. A. 50, 53, and cases cited.) [3] That the same transaction was stated in two counts, the one giving the widest equitable powers to the court and including by construction the cause set out in the first count and proper at common law, stamps both, if necessary to a holding, with the code definition of "claims arising out of the same transaction, or transactions connected with the same subject of action . . . ," and therefore causes of action proper to be joined under section 427 of the Code of Civil Procedure. In this action the first count treated both money and property given under the contract as money had on the theory of definite allowances having been made for the articles given in exchange. [4] The contract being rescinded, the proper action was by declaration of the cause in equity and suit on the implied promise to repay by the defaulting party of money received, or for the value of goods. The causes were consistent and not improperly joined. [5] Even if plaintiff's legal cause of action were defectively stated, the presumptions attaching to the regularity of the proceedings and to support the judgment will sustain the finding of indebtedness on part of the defendants as made in the exercise of the court's equitable powers and to do full justice between the parties. The rule in such cases is one of justice and equity, not of procedure. (6 R. C. L., pp. 939, 942, and cases cited; *Swan* v. *Talbot,* 152 Cal. 147 [17 L. R. A.

(N. S.) 1066, 94 Pac. 238]; *Kelley* v. *Owens,* 120 Cal. 502, 511 [47 Pac. 369, 52 Pac. 797].)

The complaint, then, sufficiently stated a cause of action for rescission, and the first count, if defective, might be wholly eliminated and the same relief given.

[6] The contract price of the Ampico piano, and the amounts allowed for the jewelry and Baldwin piano, together with the money paid, passing from plaintiff to defendant for such contract amount, were admitted by the pleadings. There being no issues raised thereon, findings as to such facts were unnecessary and they may be considered as facts found to support the judgment, and as true valuations. (Sutherland on Code Pleading, sec. 1169.)

[7] It is true that there was no finding in terms of the inability or impracticability of a return of the goods to plaintiff to put the parties *in statu quo,* urged here as an absolute necessity, by defendant and appellant. There is, however, a finding of fraud by defendants, and there are also findings that plaintiff demanded and defendants refused the return of the goods. This court will not presume error, but will, if possible, construe the findings to support, rather than defeat, the judgment. Especially will it do so where, as here, fraud clearly appears and the appellant comes before us on a bare judgment-roll. The finding of demand and refusal of return may then be construed as a finding of inability or impracticability of return of the goods, and the finding of indebtedness of $1,800 as the court's alternative method of awarding substantial justice. On this construction the findings support the judgment. With the liberal rule of interpretation advocated by our codes, we hold that reversible error does not appear. This being so, the judgment should be, and is, affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1925.