[L. A. No. 8581. Department Two.—December 23, 1927.]

MORRIS ORTON, Respondent, v. C. R. PRIVETT et al.,
Appellants.

[1] CONTRACTS—EXCLUSIVE SALES RIGHTS OF PATENTED ARTICLE—FAILURE OF CONSIDERATION—SUFFICIENCY OF COMPLAINT.—In an action to recover an amount of money paid by plaintiff under an agreement whereby the defendants were to transfer to him the exclusive sales rights, in certain territory, of a patented compression inner tube for automobile tires, and to furnish him, at an agreed price, a certain number of tubes a day, which plaintiff alleges were not furnished him, the complaint states a cause of action, and the objections that plaintiff was not entitled to re-

cover all the money paid because he enjoyed the exclusive sales right for over a year is not well taken, it being alleged that the right to sell was utterly valueless without the articles to sell.

[2] ID.—RESCISSION—WHEN NOTICE UNNECESSARY.—In such a case, where it is alleged that there is a total failure of consideration for the payment of the money by the plaintiff, notice of rescission of the contract before bringing action is unnecessary.

[3] ID.—COMMON COUNT.—Where the contract is rescinded in such a case, plaintiff can sue on common count to recover the money paid.

[4] ID.—PLEADINGS—JOINDER OF CAUSES OF ACTION.—Joinder of separate causes of action in the same complaint is proper where they all arose out of the same transaction.

---

(1) 2 C. J., p. 910, n. 40.    (2) 13 C. J., p. 619, n. 32.    (3) 41 C. J., p. 35, n. 37.    (4) 1 C. J., p. 1085, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve for Appellants.

G. M. Spicer, Ray Meacham and Bruce Mason for Respondent.

LANGDON, J.—Defendants have appealed from a judgment against them for seven thousand two hundred dollars. The action was brought to recover the amount of money paid by plaintiff under an agreement whereby the defendants were to transfer to him the exclusive sales right, in certain territory, of a patented compression inner tube for automobile tires, and to furnish him, at an agreed price, twelve inner tubes a day, to be manufactured and delivered either from a factory to be completed at Burbank, California, "or from some other factory." The complaint, after alleging the facts with reference to the contract, sets out that the defendants have neglected and refused, at all times, and do now

---

2. See 6 Cal. Jur. 392.

3. Recovery back of money paid on rescission or abandonment of contract, note, 30 L. R. A. 50. See, also, 6 Cal. Jur. 388; 6 R. C. L. 1032.

4. See 1 Cal. Jur. 354; 1 R. C. L. 362.

fail, neglect, and refuse, although demand therefor has often been made, to furnish and deliver to said plaintiff said inner tubes, according to the terms of said agreement; that the seven thousand two hundred dollars was paid to defendants upon the sole consideration of the sales to plaintiff of said exclusive sales right and the furnishing and delivery to said plaintiff of said inner tubes, and that said sales right is utterly useless and without value unless there be delivered and furnished to plaintiff said inner tubes, etc. It is alleged, further, that plaintiff has notified defendants that he rescinded said contract because of the failure of consideration in a material respect and has offered to restore to defendants everything of value which he received under said agreement, upon condition that defendants restore the seven thousand two hundred dollars to plaintiff and that no part of said seven thousand two hundred dollars has ever been paid to plaintiff.

The second cause of action contains substantially the same allegations, but proceeds upon the theory of a total failure of consideration. The third cause of action is for money had and received. A general demurrer was interposed to each cause of action and also a demurrer for improper joinder of causes of action. The demurrers were overruled and answers were filed denying the allegations of the complaint. Findings were made in favor of plaintiff, and, upon appeal, defendants contend that their demurrers were improperly overruled. At great length, they argue many technical matters with relation to plaintiff's pleading. We shall not consider these objections in detail. [1] We are of the opinion that the complaint states a cause of action and that the first count thereof is not open to the objection that plaintiff was not entitled to recover all the money he had paid because he had enjoyed the exclusive sales right for the patent in certain territory for over a year. It is alleged and found that this right to sell was utterly valueless without something to sell and that defendants had at all times failed and refused to furnish to plaintiff the product to be sold under the exclusive right. That right, standing alone, being of no value, should not preclude plaintiff from recovering the full consideration paid by him for the contract obligations of defendants.

[2] It is objected that the second count does not allege that plaintiff has given defendants notice of rescission. As we have stated, this count is framed upon the theory that there was a total failure of consideration for the payment of the money by plaintiff. "A total failure of consideration makes it unnecessary to give notice of rescission before bringing an action." (6 Cal. Jur. 392. See, also, *Field* v. *Austin,* 131 Cal. 379 [63 Pac. 692]; *Richter* v. *Union Land etc. Co.,* 129 Cal. 367 [62 Pac. 39]; *Russ Lumber etc. Co.* v. *Muscupiabe Land etc. Co.,* 120 Cal. 521 [65 Am. St. Rep. 186, 62 Pac. 995].)

[3] The third cause of action is likewise good against demurrer. It was said in *McCowsky* v. *Irvine,* 71 Cal. App. 77 [234 Pac. 839]: "The contract being rescinded, the plaintiff could sue on common count to recover money paid' or property delivered thereunder."

[4] With reference to the question raised by the special demurrer, we are of the opinion that the three causes of action were properly joined, as they all arose out of the same transaction.

The findings amply sustain the judgment and we agree with the construction which the trial court placed upon the .contract between the parties, which was made a part of the pleadings herein.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.