[Civ. No. 11091. Second Appellate District, Division Two.—August 27, 1936.]

EDWIN J. LOEB, Respondent, v. CHRISTIE HOTEL CORPORATION (a Corporation), Appellant.

Sparling & Teel for Appellant.

Loeb, Walker & Loeb, Milton H. Schwartz and Herman F. Selvin for Respondent.

GOULD, J., *pro tem.* — Plaintiff obtained a judgment against defendant for a deficiency upon a trust deed promissory note for the balance due, owing and unpaid after the application to the indebtedness of the proceeds of the trustee's foreclosure sale of real property held as security. Defendant appealed and plaintiff thereafter filed his motion to dismiss the appeal or affirm the judgment.

The note and trust deed securing it were executed prior to the enactment of section 2924½ of the Civil Code and section 580a of the Code of Civil Procedure. After the enactment of said statutes but before their effective date the due date of the note was extended by an instrument in writing, making in effect, appellant argues, a new contract between the parties. Because this so-called new contract was entered into after the enactment of the above-mentioned code sections, appellant urges that the sections govern.

That section 2924½ of the Civil Code can have no retroactive effect is held without qualification in *Brown* v. *Ferndon*, 5 Cal. (2d) 226 [54 Pac. (2d) 712]; and *Central Bank* v. *Proctor*, 5 Cal. (2d) 237 [54 Pac. (2d) 718], makes the same ruling with respect to section 580a of the Code of Civil Procedure. The fact that the extension of the note was made after the enactment of these two code provisions but before their effective date—even conceding that such extension creates a new contract—cannot alter the situation, because it is the settled law of this state that until the time arrives when a statute is to take effect it has no force whatever for any purpose. (*Harrison* v. *Colgan,* 148 Cal. 69 [82 Pac. 674].) There cannot be written into the contract of the parties by implication the provision that it shall be sub-

ject to the terms of statutes to become effective at a future date.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1936.