LEOPOLDO J. E. VÁZQUEZ PRADA LÓPEZ, Plaintiff and appellant, *v.* CIPRIANO SANTOS LANCHAS, MERINO, RODRÍGUEZ HERMANOS, AND THE SUCCESSION OF GABRIEL MARTÍN SÁNCHEZ, composed of his widow MANUELA MORO GARCÍA AND HER CHILDREN MANUEL, JOSEFA, ERMELINDA, MARÍA AURORA, MARÍA NESTORA DEL PILAR AND MARÍA ISABEL MARTÍN, Defendants and appellees.

No. 7750. Argued February 14, 1939.—Decided April 14, 1939.

*Leopoldo José E. Vázquez Prada* appeared personally; *Carlos Santana Becerra,* for appellees.

Mr. Justice Travieso delivered the opinion of the Court.

The complaint in this case contains four causes of action. It is alleged in the first that Francisca Luisa López Laborde died on July 26, 1918, leaving seven sons—plaintiff-appellant being one of them—who were declared her heirs by a resolution of the District Court of San Juan given on December 31 of that same year; that the remaining six heirs assigned all their hereditary rights to the plaintiff-appellant; that by deed dated March 30, 1916, the above mentioned constituent, by herself and on behalf of her minor children Jaime José, Luz, Estela Catalina, Marina Petra Luz, Leopoldo José Eulogio Vázquez; and Arturo Leopoldo Vázquez and Luisa Ana María Vázquez, mortgaged a house in San Juan to defendant Cipriano Santos Lanchas to secure the sum of $8,400, plus interests, costs and attorney's fees; that on November 11, 1916, the defendant initiated in the District Court of San Juan a summary foreclosure proceeding to foreclose said mortgage and prayed for a writ demanding payment, which was issued and served by a Bernardo Artigas by delivering a copy of the writ demanding payment and of the complaint to Luisa López Laborde, by herself and as mother with *patria potestas* over her minor children; that even though the writ demanding payment was addressed to the marshal, who is the person in charge of serving judicial decrees, the clerk of the court allowed that said writ demanding payment be served by a private individual; and that on February 6, 1917, the District Court entered judgment against all the mortgage debtors for the payment of $8,400 as principal, $315 for interests, and $1,150 for costs, expenses and attorney's fees, and decreed the sale at public auction of the mortgaged

property, which was sold and awarded to the creditor, the defendant-appellee herein.

In the second cause of action the facts alleged in the first are reproduced and it is further alleged that when the writ demanding payment was served, the foreclosing creditor knew that defendant herein was over 21 years of age; that on said date defendant resided at No. 24 San José Street, in San Juan; that the marshal sold the mortgaged property without having first attached it; that a personal demand of payment had not been made upon defendant; that it appears on the reverse of the writ demanding payment that plaintiff was served as a minor; that defendant was the administrator of the mortgaged house since March 30, 1916; that the procedure, the judgment, the sale and award of the property to defendant are null for the reason that the writ demanding payment was served by a private individual and not by the marshal, and because it was not served personally upon plaintiff; that plaintiff has been deprived and dispossessed of his property without due process of law, and without the court having acquired jurisdiction over his person or over his property.

In the third cause of action a claim is made for $44,000 as the amount of fruits and rents produced by the property since the date it was awarded up to the date in which the complaint was filed, plus $14,061.72 as damages suffered by plaintiff in not being able to sell the property.

In the fourth cause of action it is alleged that on January 12, 1918, defendant Cipriano Santos Lanchas executed a mortgage of $9,000 in favor of defendants "Merino, Rodríguez & Hermanos," to whom knowledge is imputed of the alleged causes of nullity in the title of the maker of such mortgage; that said mortgage is due and has not been neither extended nor cancelled; that on January 17, 1923, Santos Lanchas and his wife sold the property the object of this complaint to Gabriel Martín Sánchez, husband of defendant Manuela Moro de Martín, who recorded it in his name and who also had

knowledge of the alleged causes of nullity in the proceedings by which Santos Lanchas acquired the property; that on the death of Gabriel Martín Sánchez all his rights over the property passed to his five sons and to his wife, who appear in the complaint as defendants, and to whom knowledge is imputed of having acquired the property with knowledge of the alleged causes of nullity; and that in the division of the estate of Gabriel Martín, the property the object of this complaint was awarded to the heir María Nestora del Pilar Martín, wife of Cipriano Santos Lanchas, who had knowledge of the alleged causes of nullity.

In the prayer of his complaint plaintiff prays for a judgment decreeing the nullity of all the proceedings, deeds and conveyances to which reference has been made in the complaint; and that defendant Cipriano Santos Lanchas be ordered to pay $58,061.72 and to return the property to plaintiff.

Defendants Cipriano Santos Lanchas and his wife answered the complaint alleging especially the defense of *res judicata* and also, first, that on March 8, 1926, plaintiff-appellant herein and his six brothers filed before the District Court of San Juan, under No. 1052 and against the herein defendants-appellees Cipriano Santos Lanchas and Gabriel Martín Sánchez and his wife, a suit for the nullity of the same foreclosure proceeding, the alleged nullity of which is dealt with in this new action; that in said action No. 1052 the same causes of nullity were alleged in this new suit were substantially pleaded, and that in said action a judgment was entered dismissing the complaint, which judgment was affirmed on appeal by the Supreme Court of Puerto Rico, for which reason the defendant is estopped to exercise again the same action; second, that on August 1, 1929, the same plaintiffs, among them appellant herein, filed an action No. 10187, before the District Court of San Juan and against the same defendant Cipriano Santos Lanchas and his wife, for the nullity of the same proceedings with which the present

action deals; that on March 9, 1931, judgment, was entered in said action No. 10187 dismissing the complaint, said judgment becoming final by plaintiffs' voluntary dismissal of the appeal taken before the Supreme Court of Puerto Rico.

The case having been heard before the District Court of San Juan, judgment was rendered on May 17, 1933, dismissing the complaint without special pronouncement of costs. Plaintiff appealed. This Supreme Court, on December 23, 1935, reversed the judgment appealed from and sent the case to the lower court for further proceedings not inconsistent with the opinion rendered and published in 49 P.R.R. _____.

After reconsidering the case on the same pleadings and evidence originally submitted, the District Court of San Juan in conformity with the terms of the said opinion of this court rendered judgment on May 1, 1937, sustaining "the two defenses of *res judicata* and of inconsistency or convalidation of the acts realized by the plaintiff himself who acquired all the rights and privileges from his brothers" and consequently dismissed the complaint without any special pronouncement of costs.

Plaintiff and appellant now prays that said judgment be reversed.

The only question which we must consider and decide is whether the lower court proceeded rightly in sustaining the demurrer of *res judicata* filed by the defendants-appellees. Let us see, then, if it appears from the record before us clearly established the identity of parties, actions and necessary things in law in order to properly plead said exception.

The civil suit No. 1052 started before the District Court of San Juan in the year 1926 by plaintiff-appellant and by his brothers had as its object the nullity of the summary foreclosure proceeding initiated by Cipriano Santos Lanchas on November 11, 1916, which is the same proceeding the alleged nullity of which is dealt with in the present case. The petition for nullity in the former case No. 1052 was based on

the allegations that the mortgage creditor had foreclosed his mortgage for an amount larger than that really owed to him. On dismissal of the complaint by the lower court plaintiff appealed and this Supreme Court affirmed the judgment (40 P.R.R. 50).

In the civil suit No. 10,187 started on August 1, 1929, by the herein plaintiff and appellant before the District Court of San Juan against the herein defendants-appellees, the declaration of nullity of the same foreclosure proceeding to which the present suit refers was asked for, and further the payment of fruits produced by the property and the nullity of certain conveyances made by Cipriano Santos Lanchas after the foreclosure were also demanded. The District Court sustained the defense of *res judicata* filed by the defendants, its judgment becoming final because the plaintiff did not perfect his appeal.

There exists an identity of parties plaintiffs in the three cases Nos. 1052, 10,187 and that before us, because although it is true that in the first of them all the heirs of Luisa López Laborde, appear as plaintiffs it is also true that in the last two cases plaintiff Leopoldo J. E. Vázquez Prada appeared as such heir and as assignee of all the rights and privileges that might correspond to his brothers and co-heirs. The identity of parties defendants is evident. See section 1204 of the Civil Code, 1930 ed., and *González* v. *Méndez*, 15 P.R.R. 682.

The action exercised in each one of the three cases is the same; in each of the three practically the same remedy is asked for; and in all of them it is sought to annul the foreclosure of a mortgage and the sale and award of the mortgaged property in order that it be returned to their former owners with the amount of the fruits not received.

Plaintiff and appellant seeks to destroy the effect of the evident identity existing between the three suits started by him against the appellees, by alleging that in the first two cases the basis of the action for nullity was that the mortgage creditor had foreclosed the mortgage for an amount

larger that that which in reallity was owed to him, while the present case is based on the alleged lack of jurisdiction of the District Court of San Juan to render the decree for the sale due to the fact that the writ demanding payment was served by a private individual, and because the herein plaintiff and appellant was not served personally.

Appellant is wrong. When the identity of parties and of actions exists, but the reason to ask the nullity varies, the defense of *res judicata* must be sustained. The plaintiff who starts a suit is under obligation to set forth all his rights to avoid the inconveniences resulting if each and every one of the reasons or causes that the actor knew and might have alleged to ask for the nullity of the judgment are considered as distinct and independent actions. The introduction of a new rule might bring in uncertainty and chaos in business and would make impossible the establishment of steady and reliable jurisprudence. See: Judgment of the Supreme Court of Spain, dated March 14, 1898 (83 J. C. 634); *González* v. *Méndez,* supra; *Calaf* v. *Calaf,* 17 P.R.R. 185; *Rivera* v. *Rivera,* 18 P.R.R. 342, and *Ninlliat* v. *Suriñach,* 27 P.R.R. 69, wherein this court sustained the defense of *res judicata* thus:

". . . . the mere fact that the present suit is brought on a different theory amounting to a new cause of action would not alter the situation."

See: *Manrique* v. *Aguayo et al.,* 37 P.R.R. 314; *Carrión* v. *Lawton,* 44 P.R.R. 448.

The facts which plaintiff alleges in this suit as causes of nullity are not new facts occurred after judgment in the former two cases was rendered. His being over age and the lack of personal service were existing facts and undoubtedly known to plaintiff at the time he started said suits. He could and should have based his first suit on the same facts alleged in this. Plaintiff should not be allowed to have his "day in court" and withhold some of the reasons which might serve as a basis of his complaint to be aduced later on in a new

594

action if the former judgment were rendered against him. See *Catholic Church* v. *Municipality of Bayamón*, 27 P.R.R. 789.

The Supreme Court of California has established the rule of *res judicata* in the following way:

". . . The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Woolverton* v. *Baker*, 98 Cal. 628, 632.

See *Quirk* v. *Rooney*, 130 Cal. 505; *Aurora City* v. *West*, 7 Wall. 84, 102; *Herriter* v. *Porter*, 23 Cal. 385.

For the aforesaid reasons we must decide that the lower court did not err in sustaining the defense of *res judicata* and that consequently the appeal must be dismissed and the judgment rendered by the lower court affirmed.

Mr. Justice Wolf concurs in the result.