[Civ. No. 2471.   Fourth Appellate District.—November 6, 1940.]

HATTIE E. WHITNEY et al., Appellants, v. ARVILLA M. REDFERN, Respondent.

410

Fred A. Wilbur and Harry C. Westover for Appellants.

W. W. Kaye for Respondent.

GRIFFIN, J.—This is an action to foreclose a mortgage dated October 1, 1934, in the sum of $9,750, on certain real property in Orange county given to secure the payment of a promissory note in that sum made by respondent Arvilla M. Redfern to appellants Hattie E. Whitney and Ruth E. Woodhead.

At the time the foreclosure proceedings were instituted the sum of $7,250, exclusive of interest, was due thereon. Appellants, in addition to the prayer for a sale of the property to satisfy the lien, also sought a deficiency judgment for any amount not satisfied by the sale. Respondent, in an amendment to her answer, alleged that the mortgage herein described was "given by this defendant to the plaintiffs to secure payment of the balance of the purchase price of the real property described in said mortgage", and prayed judgment of the court "that in the event the court grants the plaintiffs a decree of foreclosure of the real property described in the said mortgage said decree shall provide that no deficiency judg-

ment be entered against this defendant''. The court, after hearing evidence thereon, found in favor of appellants that the mortgage should be foreclosed, but denied the right of a deficiency judgment against respondent and specifically found in that respect that in June, 1930, the defendant and respondent executed and delivered to C. H. Whitney, a trust deed to secure a note for $18,500, which was given as part payment of the purchase price of the property involved; that the note for $18,500 was reduced to $9,750 by sundry payments; that respondent could not pay the note and that C. H. Whitney thereafter requested of the trustee a full conveyance of the property to respondent and that the property was so conveyed; that upon the reconveyance of the property said defendant and respondent immediately made, executed and delivered the promissory note and mortgage above mentioned which was made payable to the appellants, the two daughters of C. H. Whitney; that the said note and mortgage was given to secure payment of the balance of the purchase price of the real property involved; and that no deficiency judgment should lie in any event after the sale of the mortgaged property. Appellants now base their appeal entirely on the judgment roll alone and from that portion of the judgment denying them the right to a deficiency judgment.

The only question presented to this court is whether or not the promissory note and the mortgage given under the conditions as herein set out, come within the purview of section 580b of the Code of Civil Procedure, which provides that no deficiency judgment shall lie in any event after the sale of any real property under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property. It is the contention of appellants that where one sells real estate and takes in part payment therefor a promissory note secured by a mortgage or trust deed, and in the event the seller or his assigns files suit to recover thereon, no deficiency judgment shall be rendered against the maker; but if the note is paid or canceled and a new note is made to parties other than the original seller, then section 580b of the Code of Civil Procedure does not apply. It is further argued that the fact that the appellants are the daughters of C. H. Whitney should not be considered in the transaction because they were complete strangers to the transaction and that the court erred in holding that the note and mortgage

were given to secure the payment of the balance of the purchase price of the real property.

Appellants further contend that respondent must take one of two courses. Either she must say that the note and mortgage sued on in this action are a note and mortgage disconnected with the original note and trust deed so as to bring it within section 580b of the Code of Civil Procedure, or she must say that the note and mortgage and the note and trust deed are part of one transaction, and that if the note and mortgage are a part of the original transaction then section 580b does not apply because that section cannot be retroacted, citing *Hales* v. *Snowden,* 19 Cal. App. (2d) 366 [65 Pac. (2d) 847], and *Birkhofer* v. *Krumm,* 27 Cal. App. (2d) 513 [81 Pac. (2d) 609]. It is then argued that if the note and mortgage were a separate transaction then section 580b of the Code of Civil Procedure does not apply because the note was given to someone other than the original seller and was not given as a part of the purchase price of the real property.

Respondent in reply argues, among other things, that the court having made a finding that the mortgage was given to secure the balance of the purchase price, such finding is conclusive against the appellants for the reason that they have not brought up the evidence to show that the finding is not supported.

As to the remaining point, respondent contends that since the mortgage was given subsequent to the adoption of section 580b of the Code of Civil Procedure, the law as established in that section became a part of the contract and controls the rights of the parties, and that by accepting the mortgage after that section had become the law of the land, the appellants waived the right to a deficiency judgment to which they were entitled under the law prior to the enactment of that section, citing *Hales* v. *Snowden, supra; Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712]; *Welsh* v. *Cross,* 146 Cal. 621 [81 Pac. 229, 106 Am. St. Rep. 63, 2 Ann. Cas. 796]; *Loeb* v. *Christie Hotel Corp.,* 16 Cal. App. (2d) 299 [60 Pac. (2d) 529]; *Mulcahy* v. *Baldwin,* 216 Cal. 517 [15 Pac. (2d) 738]; *County of Los Angeles* v. *Jones,* 6 Cal. (2d) 695 [59 Pac. (2d) 489]; and sec. 3513, Civil Code.

The rule by which appellate courts are limited in their review of questions arising in cases appealed upon the judgment roll alone is clearly stated in *Macowsky* v. *Irvine,*

71 Cal. App. 77 [234 Pac. 839], namely, "Do the findings support the judgment; or, stated in its parts, (1) does the complaint state a cause of action, (2) are the findings within the issues, (3) is the judgment supported by the findings, and (4) does reversible error concerning a matter of law appear on the face of the record?" (See, also, *Norton* v. *Newerf*, 45 Cal. App. 10 [187 Pac. 57]; *Carter* v. *Sill*, 63 Cal. App. 95 [218 Pac. 81]; *Johnston* v. *Callahan*, 146 Cal. 212 [79 Pac. 870]; *Kahn* v. *Matthai*, 115 Cal. 689 [47 Pac. 698].) ▆▆ Where there is no bill of exceptions or duly authenticated record affirmatively showing alleged error, this court, on appeal from the judgment roll alone, must indulge in the presumption in favor of the regularity of the findings and the judgment, and if the trial court commits error therein, that error, or the facts necessary to establish it, must be shown affirmatively by the appellant (*Herriter* v. *Porter*, 23 Cal. 385), and where a finding is made on the subject matter it will be presumed that there was received into the record evidence sufficient to justify and support it. (*Breeze* v. *International Banking Corp.*, 25 Cal. App. 437 [143 Pac. 1066].) ▆ Upon an appeal on the judgment roll alone, only the ultimate facts found by the court, not the probative facts which have no proper place in the findings, can be considered, and it is only in those cases where it clearly appears that the ultimate fact found is based upon and edduced from the findings of probative facts, and it is plain that the latter do not justify nor support the ultimate fact found, that the findings of probative facts will control that of the ultimate fact, and so deprive the judgment of support. (*Breeze* v. *International Banking Corp.*, supra.)

▆ In the light of these rules, we will then consider this case as presented on appeal from the judgment roll alone. Appellants brought the original action upon the mortgage without any reference in the pleadings to any previous proceedings or renewal of the trust deed. Respondent answered and alleged that the mortgage was given as a part of the purchase price, and the court so found. We must presume that such finding was based upon competent evidence in the absence of any contrary showing. ▆ The mortgage obligation being contracted and dated subsequent to the enactment of section 580b of the Code of Civil Procedure (1933), the section would therefore be applicable and preclude a deficiency

judgment being given thereon when such mortgage was given, as found by the court, to secure the payment of the balance of the purchase price. Under the record before us we might reasonably assume, in support of the judgment, that the two daughters, appellants herein, were merely acting as trustees for C. H. Whitney under a new and independent transaction to secure the payment of the balance of the purchase price of the real property. (*Wright* v. *Bank of Lassen County*, 132 Cal. App. 336 [22 Pac. (2d) 748].)

In view of the state of the record and the presumptions attaching, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.