[Civ. No. 8625.   Third Dist.   Sept. 19, 1955.]

CLARA FIRTH FERL, Respondent, v. ARTHUR B. FERL, Appellant.

Halpin & Halpin for Appellant.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Respondent.

SCHOTTKY, J.—Defendant-appellant has appealed from a money judgment in the sum of $81,637.25 entered against him after a consolidated trial of three civil complaints.   At the beginning of his opening brief appellant states that the amount in dispute in this appeal is only $20,134.05 and that

"the argument of appellant turns on whether or not the judgment, insofar as it contained the sum of $20,134.05, is within the pleadings."

The record, which consists only of the clerk's transcript, shows that on October 5, 1951, plaintiff-respondent filed a complaint against defendant-appellant for money lent in the amount of $70,432.52. This action was numbered 17960.

On January 17, 1952, respondent filed another complaint against appellant, this time seeking an annulment. This action was numbered 18167. The annulment complaint also alleged that two tractors were respondent's property and that the sum of $57,076 on deposit with the Anglo-California National Bank belonged to respondent. The prayer requested that respondent be adjudged the owner of the property mentioned in the complaint. The same complaint, numbered 18167, contained a second cause of action, which included an allegation that a $12,000 payment was made by respondent to appellant on April 14, 1951. It was further alleged that the $12,000 was paid appellant for the express purpose of purchasing a mine in Mexico. The prayer asked that respondent be declared owner of the mine purchased with respondent's money.

On January 22, 1952, a bill of particulars was filed by respondent. This bill of particulars was filed in connection with the claims made for money lent in the complaint numbered 17960, filed October 5, 1951. The claims in this bill included several items listed as money loaned. These items totaled $21,560. The items did not include the $12,000 payment which respondent, in action numbered 18167, alleged was made to appellant on April 14, 1951. The bill of particulars contained further statements that certain monies were received by appellant from third parties. This money, it was claimed, was received for the benefit of respondent. The item of $12,000 mentioned in action numbered 18167 was not included in these claims. A further cash item of $3,298.45 was mentioned in the bill of particulars. The bill of particulars gave appellant certain credits.

On January 30, 1952, an amended complaint was filed by respondent in the action for money lent, numbered 17960. This complaint alleged that the appellant was indebted to the respondent in the amount of $21,560 for money lent. The amended complaint also alleged that appellant received $126,837.13 for the use of respondent.

On February 6, 1952, the respondent filed an amended com-

plaint in action numbered 18167, which dropped from the annulment complaint all allegations concerning money and property. It stated that "disputes over property connected with said marriage or arising out of said marriage are being or will be litigated in separate suits between the parties hereto."

On February 13, 1952, respondent filed a third action. This motion was for quiet title and was numbered 18217. Respondent alleged that the equipment, previously claimed in the annulment action numbered 18167, was hers. The respondent also claimed clear title to money in the Anglo-California National Bank ($10,334.76), and to money in the hands of John McCrary ($61,393.79). In addition, the respondent claimed title to certain timber.

Appellant filed answers denying the material allegations of the complaint and also filed a cross-complaint for divorce in action numbered 18167, the action for annulment of marriage.

As hereinbefore stated, the three actions were consolidated for trial. Following a trial which occupied eight court days the court made findings (1) that the marriage of plaintiff and defendant was bigamous and void because defendant's marriage to his former wife was undissolved; (2) "that the defendant fraudulently married plaintiff when he knew he could not legally do so, and, under the position given him by the purported marriage on the 5th day of December, 1950, defendant 'took over' plaintiff's finances and probably would have ruined her if she had not finally called a halt and started the present litigation in the within causes of action . . . that defendant's conduct in disposing of, and tossing away, plaintiff's money and property, was legally fraudulent and tortious, and that plaintiff is entitled to reimbursement, as far as this Court is able to do so"; and (3) that "between the 1st day of November, 1950, and the 31st day of December, 1951, the defendant, Arthur B. Ferl, received from plaintiff, to and for the use of plaintiff, cash moneys loaned and delivered by plaintiff to defendant, and defendant also received and collected cash moneys, to and for the use of plaintiff, from the sale of lumber off plaintiff's real property, in all amounting to the total sum of $292,496.75, from which said sum the Court finds that the defendant is entitled to total credit for the following items, to wit: . . ." The court then gave defendant credit, in detailed figures, for certain items,

which left a cash balance due and owing to the plaintiff of $81,112.25.

Appellant contends that the judgment includes an award for an item of damages which was not included in the pleadings. However, it is apparent from a reading of the three complaints upon which the case went to trial that the court, among other things, rendered judgment for plaintiff in the total sum of $81,637.25, and that said judgment was within the pleadings.

Appellant argues that it appears from the bill of particulars which was filed after the original complaint in action numbered 18167 (the annulment action) was filed, and from plaintiff's Exhibits No. 16 and No. 25, that appellant should have been credited for the sum of $20,134.05 for money invested in the Mexican mine.

Appellant's contention is so completely lacking in merit that if it were not for the apparent earnestness of counsel for appellant we would be compelled to regard it as frivolous. For the instant appeal is upon the judgment roll and the evidence introduced at the trial, which occupied eight full days, is not before us. Appellant seeks to contradict the findings and judgment by referring to a bill of particulars which was filed after the original complaint was filed in action numbered 18167. The original complaint in said action was superseded by the amended complaint which, as hereinbefore set forth, dropped from the annulment complaint all allegations concerning money and property. ▬ And as stated in *Owens* v. *Traverso,* 125 Cal.App.2d 803, at page 808 [271 P.2d 164]:

". . . It is undoubtedly a general rule of law that an amended pleading takes the place of the original, and that thereafter the superseded complaint performs no function as a pleading. (*Darsie* v. *Darsie,* 49 Cal.App.2d 491, 493 [122 P.2d 64]; *Puchta* v. *Rothman,* 99 Cal.App.2d 285, 291 [221 P.2d 744]; *Viera* v. *Viera,* 107 Cal.App.2d 179, 180 [236 P.2d 630]; *O'Brien* v. *O'Brien,* 50 Cal.App.2d 658, 661 [123 P.2d 877].)"

Therefore, when the action went to trial, the bill of particulars was no longer a part of the pleadings, and while it might be used by appellant to impeach or contradict any testimony or evidence introduced at the trial by respondent, it could not, in an appeal upon the judgment roll alone, be used by appellant to reverse or modify a judgment that was un-

questionably within the issues made by the pleadings upon which the case went to trial.

Appellant also contends that plaintiff's Exhibits No. 16 and No. 25 support his contention that the judgment includes an award that was not within the pleading. This contention is likewise without any merit because, as already pointed out, this appeal being upon the judgment roll, it cannot be assumed that other testimony and evidence was not introduced which would support the findings and judgment. So even if said Exhibits 16 and 25 were properly before us, and supported the contention of appellant (which we do not believe they do), they would not aid appellant upon the appeal. For it is so well settled as to be considered axiomatic that upon an appeal upon the judgment roll alone it is presumed that the findings of fact, conclusions of law, and judgment were within the issues raised by the pleadings and the evidence, and were fully supported by the evidence at the trial. In the case of *Freeman* v. *Gray-Cowan, Inc.,* 219 Cal. 85 [25 P.2d 415], the court, in sustaining a judgment for the plaintiff, stated as follows, at pages 87-88:

"... In *Silvers* v. *Grossman,* 183 Cal. 696, 702 [192 P. 534], it is said: 'And where the appeal is upon the judgment roll alone, so that the record fails to disclose whether or not, at the trial, objections were interposed to evidence as not within the issues, it has been held that it will be presumed in support of the findings and judgment that the pleadings were treated as sufficient to raise the issues upon which the findings were made and that evidence in support of such issues was introduced and went in without objection. (*Illinois Trust & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, 296 [47 P. 60]; *McDougald* v. *Hulet,* 132 Cal. 154, 159 [64 P. 278]; *Beardsley* v. *Clem,* 137 Cal. 328, 332 [70 P. 175]; ...'"

See also *Whitney* v. *Redfern,* 41 Cal.App.2d 409 [106 P.2d 919]; *Lincoln* v. *Averill,* 47 Cal.App.2d 335 [117 P.2d 913]; *Leff* v. *Knewbow,* 47 Cal.App.2d 360 [117 P.2d 922]; *Montaldo* v. *Hires Bottling Co.,* 59 Cal.App.2d 642 [139 P.2d 666]; *Macowsky* v. *Irvine,* 71 Cal.App. 77 [234 P. 839].

It is likewise well settled that where there is no bill of exceptions or duly authenticated record affirmatively showing alleged error, an appellate court, on appeal on the judgment roll alone, must indulge in a presumption in favor of regularity of the findings and judgment, and if the trial court commits error, that error, or facts necessary to establish it, must be shown affirmatively by appellant. On an

appeal on the judgment roll alone, where a finding is made on the subject matter, it will be presumed that there was received into the record, evidence sufficient to support it. (*Herriter* v. *Porter*, 23 Cal. 385; *Breeze* v. *International Banking Corp.*, 25 Cal.App. 437 [143 P. 1066]; *Whitney* v. *Redfern*, 41 Cal.App.2d 409 [106 P.2d 919]; *Rounds* v. *Dippolito*, 94 Cal.App.2d 412, 413 [210 P.2d 893].)

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.