116  375|
f 126  340|
126  342|

[S. F. No. 604.  Department One.—March 31, 1897.]

## D. POLEDORI, EXECUTOR ETC., ET AL., RESPONDENTS, *v.* M. NEWMAN ET AL., APPELLANTS.

ACKNOWLEDGMENT—DEED OF MARRIED WOMAN—ACTION TO CORRECT DE-
FECTIVE CERTIFICATE — PLEADING — EVIDENCE — FINDING — RELIEF
BEYOND SPECIFIC ALLEGATIONS.—In an action to correct a defective
certificate of acknowledgment of a deed by a married woman, where the
complaint sets forth the conveyance, and its proper acknowledgment to
the notary, and alleges that the notary, in affixing his certificate,
omitted to certify therein "that, upon examination without the hearing
of her husband, he had made her acquainted with the contents of the
said deed, but used for his acknowledgment a blank form appropriate
to certifying the acknowledgment of an unmarried woman," and the
answer takes issue upon the averments of the complaint, and evidence
was received without objection which supports a finding that the deed
was properly executed and acknowledged, but that the notary in affix-
ing his certificate "omitted to certify therein that, upon examination
without the hearing of her husband, the said notary had made her ac-
quainted with the contents of the said deed, and that thereupon she
acknowledged to him that she executed the same, and that she did not
wish to retract said execution," the court is authorized to have the cer-
tificate corrected in accordance with the findings, including the ac-
knowledgment that she did not wish to retract said execution, although
not specifically pleaded in the complaint.

ID.—RELIEF UPON ANSWER—CASE MADE BY COMPLAINT—DEFECTIVE AL-
LEGATION OF PARTICULARS—FAILURE TO OBJECT.—Under section 580
of the Code of Civil Procedure, the court, where there is an answer, may
grant any relief consistent with the case made by the complaint, and
embraced within the issue; and the case made by the complaint herein,
as well as the issue between the parties, is the right of plaintiff to have
the defective acknowledgment corrected, and the relief granted was
consistent therewith; and though the failure of the complaint to allege
all the particulars in which the defect consisted might have been ground
for refusing to admit evidence of defects not specifically pleaded, yet
the parties might consent to have such defects considered by the court,
and where no objection appears to have been made to full proof thereof, it
will be presumed on appeal, upon the judgment-roll alone, in support
of the judgment, that all objections to evidence in support of the find-
ings were waived.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. A. A. SAN-
DERSON, Judge.

The facts are stated in the opinion of the court.

*George D. Collins,* for Appellants.

As the complaint is not sufficient to warrant the relief awarded, the judgment is *per se* erroneous, and must be reversed. (*Sigourney* v. *Zellerbach,* 55 Cal. 440; *Bryan* v. *Tormey,* 84 Cal. 126, 130; *Mondran* v. *Goux,* 51 Cal. 151; *Mercier* v. *Lewis,* 39 Cal. 535; *Collins* v. *Bartlett,* 44 Cal. 372; *Johnson* v. *Moss,* 45 Cal. 517; *Christian College* v. *Hendley,* 49 Cal. 350; *Hayward* v. *National Bank,* 96 U. S. 615; *Bradley* v. *Aldrich,* 40 N. Y. 504; 100 Am. Dec. 528.)

*Freeman & Bates,* and *A. Comte, Jr.,* for Respondents.

Assuming that the complaint was insufficient, the defects complained of were such as could be reached by special demurrer only, and no error has been committed impairing any substantial rights. In such cases the appellate court will not reverse. (*Dougherty* v. *Coffin,* 69 Cal. 454; *Gassen* v. *Bower,* 72 Cal. 555.) Nor will it in any case consider objections not made in the trial court, if of a technical character. (*Bauer* v. *Pierson,* 46 Cal. 293.) Nor permit a party to try his cause without objecting to the complaint in any manner, and then to obtain a reversal for any defect not affecting the substantial rights of the parties. (*People* v. *Reis,* 76 Cal. 269; *Wilson* v. *Southern Pac. R. R.,* 62 Cal. 164; *Younglove* v. *Nixon,* 61 Cal. 301; *Began* v. *O'Reilly,* 32 Cal. 11.)

THE COURT.—This action was brought under the provisions of section 1202 of the Civil Code to correct a defective certificate of the acknowledgment of a deed of conveyance made by a married woman. Judgment was rendered in favor of the plaintiffs, and the present appeal is taken directly from the judgment upon the judgment roll alone, without any bill of exceptions. The ground of the appeal is that in the findings and judgment the court went beyond the issues in the case, and corrected the certificate in particulars not alleged in the complaint. The complaint sets forth the conveyance and its proper acknowledgment to the notary, and alleges that the notary, in affixing his certificate, omitted

to certify therein " that, upon examination without the hearing of her husband, he had made her acquainted with the contents of the said deed, but used for his acknowledgment a blank form appropriate to cases certifying the acknowledgment of a deed made by an unmarried woman." Issue was taken by the defendants upon the several averments in the complaint, and the court found that the deed was properly executed and acknowledged, but that the notary in affixing his certificate " omitted to certify therein that upon examination without the hearing of her husband the said notary had made her acquainted with the contents of the said deed, and that thereupon she acknowledged to him that she executed the same, and that she did not wish to retract said execution." The particular point urged on this appeal is that, as the complaint did not aver that the grantor in the deed acknowledged to the notary " that she did not wish to retract her execution of the deed," the court was not authorized to correct the certificate in that respect.

Section 580 of the Code of Civil Procedure authorizes a court, when an answer to the complaint has been filed, to grant to the plaintiff "any relief consistent with the case made by the complaint and embraced within the issue." The " case " made by the complaint herein, as well as the issue between the parties, is the right of the plaintiffs to have the defective certificate of acknowledgment corrected, and the relief granted by the court was "consistent" therewith. The failure to allege all the particulars in which the defect consisted might have been a ground for refusing to admit evidence of defects other than those alleged, but did not prevent the parties from consenting to have such defects considered by the court. Upon a direct appeal from the judgment upon the judgment roll alone, it will be assumed in support of the judgment that all objections to evidence in support of the findings were waived. If objection to the introduction of any evidence had been made upon the ground that the defect to which it

related was not alleged in the complaint, the court would have permitted the plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings.

The judgment is affirmed.

Hearing in Bank denied.

BEATTY, C. J., being disqualified, did not participate in the foregoing decision.