[Civ. No. 2227.  Second Appellate District.—June 19, 1917.]

## A. E. BARANGER & COMPANY (a Corporation), Appellant, v. MEYER, CAHN & TALBOTT (a Corporation), et al., Respondents.

MALICIOUS ATTACHMENT—LACK OF MALICE—PROBABLE CAUSE—SUFFICIENCY OF EVIDENCE.—In this action by a corporation to recover damages for the alleged wrongful and malicious acts of the defendants in procuring the seizure of certain merchandise out of the stock of merchandise of the plaintiff under a writ of attachment issued at the instance of the defendants in an action against an individual whose business had been taken over by the corporation, it is held that the evidence supports the finding that the attachment was levied without malice and that there was probable cause therefor.

ID.—PROBABLE CAUSE—ADVICE OF ATTORNEY.—In addition to the proposition that the evidence was of itself sufficient to constitute probable cause, the defendants were also entitled to the benefit of the rule that where one, before instituting such a prosecution, has in good faith consulted an attorney at law of good standing, has stated to him all of the facts of the case, and has been thereupon advised by such attorney that a prosecution would lie, and such person has acted honestly upon that advice, this, of itself, constitutes probable cause.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.  Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., and Stephen Monteleone, for Appellant.

Collier & Clark, and Arthur J. Abbott, for Respondents.

CONREY, P. J.—Plaintiff appeals from an order denying its motion for a new trial. The action was brought to recover damages for the alleged wrongful and malicious acts of the defendants in procuring the seizure of certain merchandise out of the stock of merchandise of the plaintiff, under a writ of attachment issued at the instance of the defendants in an action in the superior court of Los Angeles County wherein the defendant, The Frankoli Company, was plaintiff and one A. E. Baranger was defendant.

The plaintiff bases its claim of right to a new trial upon insufficiency of the evidence to support certain of the findings. The specifications as shown by the transcript are that the evidence is insufficient to justify finding III and that portion of finding II which states "that said action was begun and prosecuted and said attachment levied without malice on the part of either or any of the defendants, and that said defendants, and each of them, had probable cause for the commencement and prosecution of said action and the levying of said attachment." Finding III relates only to the measure of damages to which the plaintiff would be entitled if the facts established a cause of action herein, and the finding concludes with the statement that the plaintiff "was not damaged by reason of the commencement or prosecution of said proceedings or the levying of said attachment excepting to the extent of the value of the goods taken under said attachment, to recover which damages plaintiff has prosecuted a separate and independent action in this court." In view of the conclusion which we are about to state sustaining that portion of finding II covered by the specifications of error, it is not necessary to discuss finding III or the evidence in support thereof.

The action against A. E. Baranger was commenced and the levy under the writ of attachment issued therein was made on the thirty-first day of May, 1912. The Frankoli Company brought that action as assignee of an indebtedness existing in favor of the assignor and against A. E. Baranger. Its

right to prosecute that action and its good faith in so doing are not successfully controverted by the evidence herein. The plaintiff corporation came into existence in November, 1911; its stockholders being A. E. Baranger, A. M. Baranger, his wife, and Miss M. L. Jones. The articles of incorporation stated that one of its purposes was "to purchase and acquire the goodwill, agencies, business, accounts receivable, and lease now owned by A. E. Baranger, in the city of Los Angeles, county of Los Angeles, California, and to carry on and conduct said business and a general wholesale business in goods, wares, mdse., etc." That corporation actually transacted business in the city of Los Angeles from the time of its incorporation until the time of the seizure of part of its stock of goods by the sheriff under the writ of attachment to which we have referred. Without more extensively stating the evidence concerning the plaintiff's ownership of the stock of goods in its possession and A. E. Baranger's want of ownership of any interest therein, it may be admitted for the purposes of this decision that the property seized was the property of A. E. Baranger & Company, and was not liable to be held under an attachment for indebtedness of A. E. Baranger. But the evidence is sufficient to sustain the court's finding that the attachment was levied without malice on the part of the defendants or either of them, and that there was probable cause therefor. The attorney for the defendants had examined the articles of incorporation and from his examination of that and other records, together with the facts stated to him by his clients, had reached the conclusion that the merchandise in question was subject to attachment in the action against A. E. Baranger; that it was property which belonged to A. E. Baranger and which had been transferred in fraud of his creditors. The fact that he was wrong in that conclusion is not material to the plaintiff's cause of action herein. In the specifications of insufficiency of the evidence to support stated portions of finding II, appellant has excluded that portion of said finding wherein the court determined that "prior to the commencement of said action and the levying of said attachment said defendants and each of them, after a full disclosure of the facts in said matter, were advised by competent and reliable attorneys that said attachment would legally lie, and that said defendants, and each of them, relied and acted upon the advice of said at-

torneys in beginning and prosecuting said proceedings and levying said attachment.'' Since no attack upon this portion of the finding was included in the motion for a new trial, appellant cannot now for the first time insist that this part of the finding is not supported by the evidence. The advice thus given by the attorneys and its acceptance in good faith by the defendants was alone sufficient to establish probable cause justifying their acts in authorizing the levy of attachment. Since the evidence shows that the court was justified in determining that the defendants did not hold actual malice against the corporation plaintiff herein, they could not establish malice except as the court might infer it from the fact of want of probable cause. Therefore, a fact proved and found which necessarily removes from the case the ground of want of probable cause fully disposes of this action. ''In addition to the proposition that the evidence was of itself sufficient to constitute probable cause for the prosecution, the defendants were also entitled to the benefit of the rule that where one, before instituting such a prosecution, has in good faith consulted an attorney at law of good standing, has stated to him all of the facts of the case, and has been thereupon advised by such attorney that a prosecution would lie, and such person has acted honestly upon that advice, this, of itself, constitutes probable cause. The question is fully discussed and settled in *Dunlap* v. *New Zealand etc. Ins. Co.*, 109 Cal. 365, 371, [42 Pac. 29].'' (*Johnson* v. *Southern Pacific Co.*, 157 Cal. 333, 338, [107 Pac. 611].)

The order is affirmed.

James, J., and Works, J., *pro tem.*, concurred.