[Civ. No. 5801.   Second Appellate District, Division One.—April 19, 1928.]

E. W. DICKENSON, Plaintiff and Appellant, v. FREDERICK W. KALLUSCH, Defendant and Appellant; MAX BROWN et al., Respondents.

Stephen Connell for Plaintiff and Appellant.

Edward J. Kelly for Defendant and Appellant.

Frank J. Macomber for Respondents.

YORK, J.—This action was commenced by Martha Kallusch, wife of Frederick W. Kallusch, to have declared null and void a deed executed by Frederick W. Kallusch to the defendants Brown, conveying certain real property belonging to said Frederick W. Kallusch. Prior to the execution of said deed Mrs. Kallusch commenced a divorce action against her husband, and obtained an order requiring the defendant husband to pay to her the sum of $115 for attorney's fees and costs. Within two months from the commencement of said divorce action Mrs. Kallusch died. This action to set aside the deed was continued in the name of the administrator of her estate. In the present action the

court entered a decree to the effect that if within a stated time defendants Brown should pay into court for the benefit of plaintiff said sum of $115, defendants Brown should be decreed to be the owners of the real property in question; but that if such payment be not made, a decree would be entered setting aside the deed. The money was paid, and final decree entered, from which decree both plaintiff and Kallusch appeal.

The plaintiff and appellant, as such administrator, having received and drawn down a deposit of said sum of $115, which was the amount that the trial court found that he was entitled to as such administrator under the order for payment of attorney's fees and suit money in the divorce action, which amount was paid into court in this action by the defendants Max Brown and Mally Brown, the respondents herein, in accordance with the interlocutory decree filed herein, such appellant is precluded, after receiving this money, from proceeding with this appeal. (*Preluzsky* v. *Pacific etc. Co.*, 195 Cal. 290 [232 Pac. 970].)

This case comes up on the judgment-roll only and no evidence taken at the trial is before this court; therefore, we cannot pass upon any objection that may be made by the appellants, or either of them, as to the failure of the trial court in making any particular finding on any matter on which they claim a finding should be made. (*Himmelman* v. *Henry et al.*, 84 Cal. 104 [23 Pac. 1098] ; *Cutting Co., etc.*, v. *Canty*, 141 Cal. 692 [75 Pac. 564].)

The findings made are sufficient to support the judgment. It is true that one of the findings objected to is probably a conclusion of law, but there are sufficient findings of fact fully covering the point raised.

The objection of defendant and appellant Frederick W. Kallusch that the trial court did not find that he was drunk and old and feeble when he made the conveyance cannot be raised by him on this record. No evidence is shown to have been introduced to support such or any conclusion in the judgment-roll presented herein. (*Preluzsky* v. *Pacific etc. Co., supra*, at p. 295.)

The judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.