[Civ. No. 4101. Third Appellate District.—May 16, 1930.]

ARCHIE L. FIETZ, Respondent, v. C. B. CATES, Appellant.

Dudley Robinson for Appellant.

Culbert L. Olson for Respondent.

FINCH, P. J.—This is an appeal by the defendant on the judgment-roll alone from a judgment for damages in favor

of the plaintiff. The court found that the parties entered into an agreement reading as follows:

"Agreement of Purchase.

"On this date of August 12th, 1925, in the city of Long Beach, California, C. B. Cates hereby agrees to deliver to A. L. Fietz 100,000 shares of stock of the Trojan Oil Company at the price of one cent per share. He also gives to A. L. Fietz an option to purchase the remaining approximate 150,000 shares of Trojan Oil Company stock held by said C. B. Cates, for a period of 30 days from this date, to be delivered at the price of one and one-half cents per share."

The court further found that in consideration of the option the plaintiff paid the defendant $1,000 for 100,000 shares of the stock; "that within 30 days from the date of said agreement, plaintiff exercised the right and option so given him to purchase said additional 150,000 shares of said stock of said defendant; that plaintiff . . . tendered the defendant in cash the sum of $2,250, the agreed purchase price of said 150,000 shares of said Trojan Oil Company stock, and demanded delivery of said stock; . . . that defendant thereupon refused to accept said payment for, and refused to deliver to the plaintiff said 150,000 shares of said Trojan Oil Company stock." In several additional findings the stock covered by the option is definitely referred to as 150,000 shares, but the findings do not expressly state that the defendant's "remaining" stock consisted of 150,000 shares, although that fact may be fairly inferred from many of the findings.

Judgment was entered in favor of the plaintiff for the difference between the value of the 150,000 shares of stock and the amount the plaintiff was to pay therefor under the terms of the option.

Appellant contends that the judgment must be reversed because "the contract did not call for the delivery of the exact number of shares mentioned therein" and the court failed to find "that the quantity covered by the option was 150,000 shares." The plaintiff was given the option to purchase the "remaining" shares "held by said C. B. Cates." It is to be inferred from the terms of the contract that the "approximate" number of shares so held by the defendant was 150,000. If the court had found expressly that the

number of such remaining shares was 150,000 all uncertainty would have been removed. ▮ The court did impliedly so find, and under the rule that all legitimate presumptions are to be indulged in support of the judgment in an appeal on the judgment-roll alone, the findings are clearly sufficient.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.