[Civ. No. 8251. First Appellate District, Division Two.—April 11, 1932.]

HAMMOND LUMBER COMPANY (a Corporation), Respondent, v. O. TIMOURIAN, Appellant.

Arsen Yeretzian for Appellant.

R. L. Horton for Respondents.

JAMISON, J., *pro tem.*—This action was brought to foreclose a chattel mortgage. Judgment was rendered for plaintiff and from this judgment defendant has appealed.

This appeal is brought up on the judgment-roll alone, and is from the judgment and from the order of the trial court denying defendant's motion to discharge the receiver and pay over to defendant money in the hands of the receiver.

The amended complaint is in the usual form for the foreclosure of chattel mortgages. Appellant answered the amended complaint, denying that plaintiff was the owner of the promissory note or the chattel mortgage securing same, or that said note was unpaid and also set up other alleged defenses.

The court found that all the allegations of the amended complaint were true and that all the denials and special defenses set forth in appellant's answer to said amended complaint were untrue and that respondent was entitled to judgment foreclosing the said chattel mortgage.

Appellant contends that the sale of the real estate under the deed of trust exhausted respondent's rights and

a successive action to foreclose the chattel mortgage will not lie.

There is nothing in the record before the court indicating that any real estate was sold under a deed of trust. Therefore this contention cannot be considered on this appeal.

His next contention is that no sufficient showing was made by affidavits or otherwise to warrant the appointment of a receiver in this action.

This appeal being on the judgment-roll alone we are limited in our review to a determination of the question, do the findings support the judgment? 1. That is to say, does the complaint state a cause of action? 2. Are the findings within the issues? 3. Is the judgment supported by the findings? 4. Does reversible error concerning a matter of law appear on the face of the record? (*Macowsky* v. *Irvine*, 71 Cal. App. 77 [234 Pac. 839]; *Norton* v. *Newerf*, 45 Cal. App. 10 [187 Pac. 57].)

Where an appeal from a judgment is prosecuted on the judgment-roll alone the appellate court is confined to a consideration of the alleged errors appearing on the face of the judgment-roll. (*Marr* v. *Southern Calif. Gas Co.*, 198 Cal. 278 [245 Pac. 178]; *Neale* v. *Morrow*, 174 Cal. 49 [161 Pac. 1165].) There is nothing in this record showing or tending to show upon what facts or affidavits the court appointed a receiver in this case. The presumption must be in the absence of such showing, that the court was justified in making such appointment.

Appellant next contends that the court erred in denying appellant's motion to discharge the receiver and pay over money held by him to appellant. This order of the court is not appealable. (Sec. 963, Code Civ. Proc.) Moreover, there is nothing in the record showing the grounds for this motion, nor the facts upon which it is based.

It is a well-settled principle that every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts. (2 Cal. Jur. 852.)

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.