[Civ. No. 3856.   Third Appellate District.—May 31, 1933.]

J. MARION WRIGHT et al., Respondents, v. BANK OF LASSEN COUNTY (a Corporation) et al., Defendants; P. M. REIDY, Appellant.

I. Henry Harris and J. A. Pardee for Appellant.

R. M. Hardy for Respondents.

PULLEN, P. J.—The record discloses that M. S. Stevens, Camile F. Frizzie and P. M. Reidy were partners and were the owners as such of approximately $10,000, on deposit in the Bank of Lassen County. Some time prior to March 26, 1926, this money had been received by the bank pursuant to some judgment or agreement, the record being silent, the bank had issued a certificate of deposit for $6,000 thereof in the name of M. S. Stevens and Camile Frizzie and made said certificate "payable to the order of the Judge of the Superior Court of Lassen County". The balance thereof so deposited was received by the bank and held as follows: "M. S. Stevens and Camile Frizzie. Do not pay against this account except on order of Judge of the Superior Court of Lassen County." Prior to March 8, 1926, but subsequent to the deposit mentioned above, an action was brought to dissolve the partnership of Stevens, Frizzie and Reidy, in which action a judgment was entered on November 8, 1926, awarding to Stevens some $3,100 out of said fund and directing the bank to pay that amount to him. Prior to March 8, 1926, an action had been commenced in the county of Los Angeles by one Roy G. Downing, as plaintiff, against M. S. Stevens, as defendant, and in the forenoon of March 8, 1926, a writ of attachment was levied upon the Bank of Lassen County garnisheeing all moneys in its custody belonging to M. S. Stevens. On the afternoon of the same day a duly certified copy of the judgment and decree awarding to Stevens the $3,100 was served upon the bank and demand made for payment, but by virtue of the writ of attachment that day served in the case of *Downing* v. *Stevens,* the bank refused to comply with the demand. On June 10, 1927, Stevens executed three partial assignments of judgment, one to each of the plaintiffs herein which assignments were duly filed and docketed in the office of the county clerk of the county of Lassen and notice in writing thereof given to the Bank of Lassen County.

Shortly thereafter P. M. Reidy, one of the defendants herein, was interpleaded in the action pending in the county

of Los Angeles, wherein Downing was plaintiff and Stevens defendant, and a writ of attachment was caused to be issued by Reidy against Stevens and levied upon the Bank of Lassen County. Thereafter, about July 1, 1927, a judgment in that action was entered, dismissing the complaint of plaintiff Downing and awarding judgment to cross-defendant Reidy and against Stevens, together with interest and costs, and an execution was issued upon said judgment and served upon the Bank of Lassen County. The bank refused to deliver any moneys to the sheriff by virtue of the execution and thereafter this action was commenced. The bank thereafter paid into court the sum of $2,426.67, and was discharged from liability, and P. M. Reidy, appellant herein, was substituted as a party defendant.

Reidy filed an answer to the complaint filed in the present action admitting that the funds were on deposit in the bank, but claiming that they were deposited by Stevens and Frizzie and not by virtue of any order of the court of Lassen County. He also admitted the assignments by Stevens to the plaintiffs herein, but contends that these assignments were of no effect because prior thereto the writs of attachment above referred to had been levied. He also claimed title by virtue of the execution upon the judgment obtained in the action in the county of Los Angeles.

This being an appeal upon the judgment-roll alone we are limited in our determination of the issue to the questions presented by the judgment-roll itself. The only questions to consider are: First, does the complaint state facts sufficient to constitute a cause of action; secondly, are the findings within the issues; thirdly, is the judgment supported by the findings, and, finally, does reversible error appear on the face of the record. (2 Cal. Jur., p. 690.)

An examination of the record discloses that the amended complaint states a cause of action and that the findings are responsive thereto. The seventh finding by the court specifically holds that at the time of the assignments hereinbefore mentioned and particularly set forth in paragraph 7 of the amended complaint and the moneys affected by such assignments, were not at that time subject to valid levy under attachment execution or garnishment for the benefit of defendant Reidy. Just why, having no evidence before us, we do not know, nor may we speculate,

but ''all legitimate presumptions are to be indulged in support of the judgment in an appeal on the judgment roll alone''. (*Feitz* v. *Cates,* 105 Cal. App. 673 [288 Pac. 728].) And the trial court upon the evidence before it found that the funds in question were *in custodia legis.*

We are of the opinion that the judgment is supported by the findings and that no reversible error appears upon the face of the record.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.