[Civ. No. 4725.   Third Appellate District.—July 27, 1933.]

H. M. CROWTHER, Respondent, v. METALITE MANU-FACTURING COMPANY (a Corporation), Appellant.

Swanwick & Donnelly for Appellant.

Nathan M. Dicker and Abe Richman for Respondent.

TUTTLE, J., *pro tem.*—In this action plaintiff recovered judgment in the sum of $456.92 upon a complaint based upon the breach of a contract to manufacture .pouring spouts. The appeal is brought here and presented upon the judgment-roll alone.

It is the contention of appellant that the judgment is outside the issues and void, under the authority of *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827], and other cases.

The complaint alleged that plaintiff and defendant entered into a contract according to the terms of which the defendant agreed to manufacture for the plaintiff certain Tip Top pouring spouts at a stipulated price in such quantities as the plaintiff might require or designate; that relying upon the contract and upon the promise of the defendant to manufacture the said spouts at the price agreed upon the plaintiff incurred certain expenses especially enumerated in the complaint; that contrary to the terms of said contract the defendant failed, neglected and refused to manufacture or sell to the plaintiff spouts except 5,000 thereof, although the plaintiff informed defendant that a great many more of said spouts were required; that in addition to the expenditures set forth in said complaint, plaintiff had been further damaged in the sum of $5,000 on account of loss of profits. Defendant denied the allegations of the complaint and in its cross-complaint alleged that the contract was for 5,000 spouts instead of in such quantities as the plaintiff might require or designate and further alleged a compliance on its part and a failure to comply on the plaintiff's part.

The court found that plaintiff was not entitled to any damages by reason of loss of profits, and limited the recovery to certain items of expenses which were incurred by plaintiff in anticipation of performance by defendant. These items were confined to the preparation of office facilities and advertising. The finding which is attacked as being beyond the issues is as follows:

"That it is true that on or about the 9th day of August, 1928, at and in the county of Los Angeles, State of California, the plaintiff and cross-defendant, and the defendant and cross-complainant, all in connection with the transaction as alleged in plaintiff and cross-defendant's complaint on file herein, entered into a contract according to the terms of which defendant and cross-complainant agreed to manufacture for the plaintiff 5000 Tip-Top spouts at the price of five cents (5c) each, for which the plaintiff and cross-defendant agreed to pay said defendant and cross-complainant upon delivery of same; that it is not true that the defendant and cross-complainant manufactured said spouts pursuant to order of said plaintiff and cross-defendant and in the manner agreed upon by the said parties."

■ It is the rule in this state that upon a direct appeal from the judgment upon the judgment-roll alone, it will be assumed, in support of the judgment, that all objections to evidence in support of the findings were waived. (*Poledori* v. *Newman,* 116 Cal. 375 [48 Pac. 325, 326].) The Supreme Court in that case goes on to state that:

"If objection to the introduction of any evidence had been made upon the ground that the defect to which it related was not alleged in the complaint, the court would have permitted plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings."

■ In the instant case it is true that the findings are not strictly in accordance with the issues raised by the pleadings. The complaint seeks recovery of damages based upon the failure of defendant to manufacture spouts "in such quantities as plaintiff may require or designate", while the findings are to the effect that defendant manufactured 5,000 of such spouts, but that they did not conform to the agreement. This appeal being before us *upon the judgment-roll alone,* we must presume that evidence was introduced which would support this finding, without any objection upon the part of defendant and appellant, and that the facts were treated by all parties as issues properly before the court at the trial. If the entire record were before this court, a different situation would be presented.

■ A similar contention is made by appellant with refence to the elements which were considered by the court in arriving at the measure of damages. We must presume that evidence of these elements was introduced by plaintiff without objection upon the part of defendant. We may add, however, that the contract in question appears to be for work and labor, and not a contract of sale. Accordingly, the damages are governed by section 3300 of the Civil Code, rather than by sections 3308 and 3354 as contended by appellant. The rule governing this feature of the case is clearly set forth by Mr. Justice Nourse in the case of *United Iron Works* v. *Standard B. C. Co.,* 69 Cal. App. 384 [231 Pac. 567]. ■ Expenses necessarily in-

curred in good faith, in anticipation of performance or part performance of a contract, may generally be recovered as a part of the damages for its breach. (8 R. C. L. 495.) The items which go to make up the total amount of damage here appear to fall within the latter authority.

The case of *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827, 832], is not in conflict with the rule we have followed here in disposing of the attack made by appellant upon the ground that the judgment is outside the issues. In that case the entire record was before the court, including the evidence taken at the trial. The court there states that:

"It is also true that the parties may voluntarily submit and try an issue without any specific pleadings and thus be estopped from complaining thereat after judgment. [Citing *Poledori* v. *Newman*, 116 Cal. 375 [48 Pac. 325], and other authorities.] But no such exceptions exist in this cause."

Undoubtedly the record showed affirmatively that the parties did not voluntarily submit and try the questioned issues in that case. Here we have no record of .the evidence, and we must assume, in support of the judgment, that all objections to evidence in support of the findings were waived. (*Poledori* v. *Newman*, *supra*.) ▮ Section 580 of the Code of Civil Procedure authorizes a court, when an answer has been filed to the complaint, to grant the plaintiff "any relief consistent with the case made by the complaint and embraced within the issue". The "case" made by the complaint herein, as well as the issue between the parties, was the right to recover damages for a breach of a contract to manufacture pouring spouts. The failure to allege a breach in respect to the manufacture of 5,000 of such spouts, in addition to an allegation of a general failure to manufacture such amount as plaintiff might designate, might have been a ground for refusing to admit evidence covering the specific amount to be manufactured, but it did not prevent the parties from consenting to have such issue tried and determined by the court. (See *Poledori* v. *Newman*, *supra*.)

The attack made upon the judgment in the Baar case was a direct one. The portion of the judgment which was assailed clearly exceeded the issues as defined in the pleading, and the record of the trial failed to disclose that condition where it could be said that the parties voluntarily

submitted and tried the issue in question, although there were no specific pleadings raising such issues. Under such conditions, the court held that a judgment based upon such issue was *coram non judice* and void.

In the case of *Baar* v. *Smith, supra,* appellants applied for a *supersedeas* to restrain the enforcement of a judgment pending their appeal therefrom. The relief was sought upon the ground that so much of the judgment as formed the basis for a threatened execution was *coram non judice* and void. The action was brought to quiet title to personal property (corporate stock) under the provisions of section 738 of the Code of Civil Procedure. The trial court adjudged that plaintiff was the owner of the property and decreed that the possession of said property should be given to plaintiff and ordered defendants to indorse and deliver said property to plaintiff. In the event that defendants failed or refused to comply with the judgment, it was ordered that judgment be entered against them for the stipulated value of the stock, to wit, $408,316. It was held that that portion of such judgment which decreed that plaintiff should have possession of the property and awarding damages for a failure to deliver the same, was void as without the issues. It appears, however, that not only was the judgment-roll before the court, but the entire evidence in the case. The court goes on to state that:

"It is also true that the parties may voluntarily submit and try an issue without any specific pleadings and thus be estopped from complaining thereat after judgment. [Citing *Poledori* v. *Newman,* 116 Cal. 375 [48 Pac. 325], and other authorities.] But no such exceptions exist in this cause."

Undoubtedly the record in the Baar case showed affirmatively that the parties did not submit voluntarily to try the questioned issues. ■ Here we have only the judgment-roll before us and no record of the evidence, and we are bound to assume, in support of the judgment, that all objections to evidence in support of the findings were waived. This rule is subject to the qualification that (as appears here) the matter adjudicated properly belonged to the subject of the litigation (see opinion by this court in *Suisun Lumber Co.* v. *Fairfield School District,* 19 Cal. App. 587 [127 Pac. 349]), and where the relief granted was

possible and inherent in the cause of action set up. (*Naugle* v. *Naugle,* 89 Kan. 622 [132 Pac. 164].) On the other hand, if an adjudication is attempted in connection with matters which are wholly unrelated to the subject matter of the litigation, such as a judgment for the probate of a will where the action is one for the possession of real property, or a judgment ordering specific performance where the action is one for libel, such adjudication would be clearly void, as transcending the limits of the authority of the court. (*Winsor* v. *McVeigh,* 93 U. S. 274 [23 L. Ed. 914].) In California, where the ordinary action is brought to quiet title to real property under the provisions of section 738 of the Code of Civil Procedure, the plaintiff is entitled to a judgment for possession of the property, but jurisdiction to thus act is derived from section 380 of the Code of Civil Procedure. (*Polack* v. *Gurnee,* 66 Cal. 266 [5 Pac. 229, 610].) When section 738 of the Code of Civil Procedure was amended so as to place personal property in the same category with real property in the matter of quieting title, the legislature apparently overlooked the amendment of section 380 of the Code of Civil Procedure so as to give the court the right to adjudge possession in respect to personal property in such an action. If the right to possession is expressly made an issue in an action to quiet title, of course the authority to adjudicate that issue would be unquestioned.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.