[L. A. No. 15572. In Bank.—May 15, 1936.]

CITIZENS NATIONAL TRUST & SAVINGS BANK (a National Banking Association), Respondent, v. JOHN MAHER, Appellant.

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. JOHN MAHER, Appellant.

John C. Campbell for Appellant.

Hugh Ward Lutz for Respondents.

SHENK, J.—The defendant was sued in two separate actions to quiet title against any claim asserted by him in certain shares of stock of Kadota Mutual Water Company, represented by certificates described in the respective complaints. One action was brought by Citizens National Trust & Savings Bank and the other by Title Insurance and Trust Company, each of whom claimed as pledgee of W. G. Loomis. Prior to the commencement of the actions execution had been levied upon such shares as the property of W. G. Loomis, the judgment debtor, and a sale of the shares to the defendant was had. In each action the defendant interposed the defense and prayer for affirmative relief based on his allegations of ownership of such shares by virtue of the execution sale to him. The cases went to trial on the issues framed by the complaints and answers, i. e., on the question of the validity of the sale to the defendant. The court in each case made its findings that the proceedings on execution and the sale to the defendant were void as against the plaintiffs' titles and that the plaintiffs were respectively the owners of the shares of stock involved in each action, and were in the possession, and entitled to the possession of the certificates representing such stock. Judgment accordingly was entered in each case.

The defendant prosecuted an appeal from the judgment in each case. The appeals were taken on the judgment roll alone and are presented in a single record.

It is contended that the complaint in the action brought by the Title Insurance and Trust Company does not state a cause of action because the description of the stock was defective. A defect in that respect is claimed to exist by virtue of the asserted fact that the constable's return of sale affected more stock than claimed by the plaintiff in that action. There are two sufficient answers to the contention.

The return is not made a part of the record; and the complaint on its face sufficiently describes the property claimed by the plaintiff.

The defendant next specifies several issues raised by the affirmative defense and claimed to be material, and as to which it is contended that the court made no specific findings. He contends that he is entitled to findings on all material issues. This is not an objection which will be considered on an appeal taken on the judgment roll alone. This is so for the reason that in the absence of the record of the evidence the court cannot determine whether evidence was offered on the issues tendered by the defendant and claimed to be material and as to which no findings were made. (*Mohr* v. *North Rawhide Min. etc. Co.*, 177 Cal. 264 [170 Pac. 600]; *Dickenson* v. *Kallusch*, 91 Cal. App. 141 [266 Pac. 816]; 2 Cal. Jur., p. 689.)

There are on these appeals only two additional questions for review, viz.: Are the findings within the issues and do they support the judgment? (*Norton* v. *Newerf*, 45 Cal. App. 10 [187 Pac. 57]; 2 Cal. Jur., p. 691.) The findings made in each case are within the issues raised by the respective sets of pleadings and are unquestionably sufficient to support the judgment based thereon.

There is no merit to any point advanced for reversal.

The judgments are and each is affirmed.

Curtis, J., Conrey, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.