[Civ. No. 12420.   Second Dist., Div. One.—May 27, 1941.]

MARION MERRON et al., Appellants, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Respondents.

H. M. Mayes for Appellants.

M. J. Rankin, Milo V. Olson and Elliott H. Pentz for Respondents.

WHITE, J.—Plaintiffs in an action for "malicious attachment" appeal from a judgment adverse to them entered after trial before the court without a jury, and from an order denying their motion to vacate the judgment and enter a judgment for plaintiffs under section 663 of the Code of Civil Procedure. For a more extended statement of the facts involved, reference may be had to the opinion of this court upon a prior appeal by plaintiffs from a judgment entered after a demurrer to their complaint was sustained. (*Merron* v. *Title Guarantee & Trust Co.*, 27 Cal. App. (2d) 119 [80 Pac. (2d) 740].) On that appeal the judgment of the superior court was reversed and the cause remanded with directions to permit the plaintiffs to amend their complaint should they be so advised. It appears from the present record, however, that although an amendment to the complaint was proposed, it was subsequently withdrawn, and the action went to trial upon the issues raised by the complaint and the answers thereto of the respective defendants.

As the present appeal is upon the judgment-roll alone, this court is confined to a consideration of the question of whether the judgment is supported by the findings, or whether, upon the findings made, another and different judgment should have been entered. (*Goldberg* v. *List*, 11 Cal. (2d) 389 [79 Pac. (2d) 1087, 116 A. L. R. 900].) Examination of the clerk's transcript discloses that the defendants by their answers denied that the attachment was levied with "any malicious intent", and the trial court found "that none

of the defendants caused said attachment . . . to be levied with any malicious intent whatsoever'', and further, that "it is not true that the defendants . . . acted maliciously or illegally or without probable cause . . . ''. This finding alone, which it must be assumed was based on substantial evidence, fully supports a judgment for defendants in an action for malicious levy of an attachment. "The plaintiff in such an action must allege and prove malice and want of probable cause in bringing the original action or in procuring the issuance of the ancillary proceeding therein, or he is not entitled to recover.'' (*Vesper* v. *Crane Co.*, 165 Cal. 36, 41 [130 Pac. 876, Ann. Cas. 1915A, 541].)

■ Appellants' point on this appeal appears to be that malice should be inferred from lack of probable cause, and that such lack of probable cause is shown by the fact that plaintiff title company in the original action was unsuccessful as against Marion Merron, and from the further alleged fact that the attachment was wrongfully issued in any event, for the reason that the debt sued upon was for a balance due upon a real estate purchase contract wherein the vendor retained title as security. It is true that the District Court of Appeal for the Third District, in its opinion affirming the judgment in favor of the plaintiff title company and against Sarah Stahler, said (*Title G. & T. Co.* v. *Stahler*, 15 Cal. App. (2d) 239 [59 Pac. (2d) 515]): "The first point urged upon this appeal is that the court erred in refusing to vacate this attachment. In that appellants are correct. The vendor, under an executory contract for the sale of real property, having retained title as security for the purchase price, is not entitled to an attachment. . . . '' However, the court also said, "No appeal, however, was taken from the order refusing to discharge the attachment and it cannot be reached under the present appeal.'' So far as this court is advised, therefore, the order refusing to dissolve the attachment still stands and is *res judicata*. Moreover, this court must assume, on an appeal on the judgment-roll alone, that there was substantial evidence justifying the trial court in concluding that there was probable cause. Evidence, for instance, that the attaching plaintiff acted in good faith upon the advice of counsel would support such a conclusion. (*Baranger & Co.* v. *Meyer, Cahn & Talbott*, 34 Cal. App. 158 [166 Pac. 862], and cases there cited.)

■ Malice and want of probable cause go to the very gist of this action (*Vesper* v. *Crane Co., supra*), and a finding adverse to appellants on this point renders unnecessary any further discussion, so far as an action for malicious attachment is concerned.

■ The trial court further found that plaintiffs had suffered no damage. This finding, also, forecloses any possibility of recovery by appellants, either for malicious attachment or mere wrongful attachment.

■ As has repeatedly been held, when an appeal is taken on the judgment-roll alone, the appellate court is confined to a consideration of whether reversible error appears on the face of such record. When, as here, the record contains findings of fact upon the issues raised by the pleadings which support the conclusion of law reached by the trial court, the inquiry of this court is at an end. (*Hammond Lumber Co.* v. *Timourian*, 122 Cal. App. 448 [10 Pac. (2d) 181] ; *Wright* v. *Bank of Lassen County*, 132 Cal. App. 336 [22 Pac. (2d) 748] ; *Citizens Nat. Trust & Sav. Bank* v. *Maher*, 6 Cal. (2d) 386 [57 Pac. (2d) 917].) ■ Resort cannot be had, as appellants urge, to facts stated or assumed in previous appeals in this action or in the attachment action as a basis for holding that the findings in the present case are contrary to 'the evidence, for we do not know what other evidence in contradiction of appellants' claims may have been introduced at the trial.

The judgment and the order denying the motion to vacate the judgment and enter judgment for plaintiffs are, and each is, affirmed.

York, P. J., and Doran, J., concurred.