[Civ. No. 14161. Second Dist., Div. One. Oct. 8, 1943.]

Estate of MAUDE ELIZABETH RICHARDS, Deceased. FLORENCE VAN VALKENBURG FLYNN, Appellant, v. W. H. BALL et al., Respondents.

Bailey & Poe and Rufus Bailey for Appellant.

W. Woodson Wallace and Ernest C. Griffith for Respondents.

WHITE, J.—This is an appeal from a portion of an order which decrees partial distribution of the assets of the estate of Maude Elizabeth Richards, deceased, to W. H. Ball, being a cash legacy of $2,000 plus $60.67 interest.

The decedent, Maude Elizabeth Richards, a single woman, died on March 23, 1941, leaving an holographic will, dated May 21, 1939. This will was admitted to probate and, no executor being named, Ben H. Brown, public administrator, was appointed administrator with-the-will annexed, on April 25, 1941. The testatrix declared in her will that she had no near relatives, and she disposed of specific real and personal property to friends and acquaintances, and in that connection stated: "I declare that I have no near relatives to the best of my knowledge, but in the event of any person or persons coming forth with a claim to be my direct heirs by virtue of any relationship, I give, devise & bequeath to every person setting up such a claim the sum of $1.00 dollar." There is no residuary clause contained in the will. The testamentary document also contained the following language: "I give, devise, and bequeath to Mr. W. H. Ball of Los Angeles the sum of five thousand dollars $5000.00 (an extra two thousand $2000.00) to be put in trust for flowers to be put on the three graves in Rosedale Cemetery once each week." It is the construction and interpretation placed on this last quoted section by the trial court with which we are concerned upon this appeal.

The public administrator proceeded with the administration of the estate and on December 10, 1942, petitioned the court for partial distribution. The petition sought to distribute certain specific gifts, devises and a percentage of the cash bequests. It did not, however, attempt to distribute the cash bequest of $5000 to W. H. Ball, nor the $2000 "to be put in trust for flowers." W. H. Ball filed objections to the petition for partial distribution and asked for partial distribution of 75% of the cash bequests of $5000 and $2000.

Appellant herein, Florence van Valkenburg Flynn, allegedly a cousin of the decedent, contested the validity of the will, which contest terminated in a dismissal which was filed December 4, 1942. Upon the filing of the petition of W. H. Ball for the partial distribution of the $2000 "flower fund," appellant Flynn filed objections thereto upon the ground that said portion of the will was invalid and an ineffectual attempt to create a trust, and that said $2000 should fall into the residuum of the estate and be distributed to her as the sole heir at law of the decedent.

After hearing by the court, the $2,000 was ordered distributed to W. H. Ball as an absolute gift, and the court found that "said testatrix did not intend, by the use of the words

'to be put in trust for flowers to be put on the three graves in Rosedale Cemetery once each week,' . . . to create, and did not create, any trust, precatory or otherwise, in reference thereto, and did not use said words or any of them in a technical sense, and no imperative, binding or enforcible trust, in a legal sense, was intended or arose by reason of the same, but said words were merely intended to express a wish or desire of the testatrix, leaving the matter entirely to the discretion of said W. H. Ball. That said bequest of $2000 was and is an absolute bequest to him. . . ."

The court made extensive and detailed findings in which it is recited that "The account current of the administrator, settled contemporaneously herewith, shows that after distribution of the whole of all specific legacies and devises there will remain in his hands a large amount for distribution under the laws of succession." "That the testatrix, Maude Elizabeth Richards, died on March 23, 1941, leaving as her Last Will and Testament the document dated May 21st, 1939, heretofore duly admitted to probate herein. That in and by said holographic Will the testatrix declared she had no near relatives, and disposed of specific real and personal property directly to her friends and acquaintances, and bequeathed the sum only of $1.00 to every person claiming to be an heir by virtue of any relationship. That said decedent was buried in Rosedale Cemetery, at Los Angeles, California, in a grave forming part of a family plot, in which was interred the remains of her mother, who died in the month of October, 1924, and of her father, who died in the month of May, 1925. That such three graves are the only graves in Rosedale Cemetery occupied by any members of testatrix's family, or in which she was interested. That said Rosedale Cemetery is one of the oldest cemeteries in Los Angeles City, California, and that it is within the knowledge of the court, as a matter of common and general knowledge, that said cemetery has for many years last past provided perpetual care of the graves within it. That said W. H. Ball, who at all times was, and now is, a single man, was a close friend of the testatrix, and of both her parents. That such acquaintance commenced in the year 1918, and continued until their deaths. That said W. H. Ball was an intimate friend of testatrix's father, R. D. Richards; that he knew him well, personally and in a business way, during his lifetime; that he frequently visited the home of testatrix's father and mother during their lifetimes,

in Los Angeles. *That said testatrix and the said W. H. Ball together had, for a period of approximately sixteen years, commencing with the death of her parents, decorated their graves with flowers at least once each week, until testatrix's death, and that said W. H. Ball generally paid for the same out of his own funds. That on many occasions when said testatrix was absent from the City of Los Angeles, the said W. H. Ball alone placed flowers on the graves of said testatrix's parents, as a friend of the family and in keeping with such custom. That testatrix knew that the said W. H. Ball had carried out such custom as a friend of the family. That following the death of testatrix the said W. H. Ball has continued the said custom of decorating with flowers the graves of testatrix's parents, and in addition her own grave.''* ''That the said testatrix Maude Elizabeth Richards was a musician and singer for many years. *That her Will was an holographic will, drawn solely by her; that said testatrix had no legal training and was not familiar with or experienced in the use of legal terms, expressions or forms, and was unacquainted with technical words, and that she did not confer or consult with her attorney in reference to said Will, or ever show the same to him. That said attorney had been such from 1933 to the time of her death.''* (Emphasis added.)

The only questions involved on this appeal, which is on the judgment roll alone, is whether the language used by the decedent bequeathing to W. H. Ball ''an extra two thousand $2000.00 to be put in trust for flowers to be put on the three graves in Rosedale Cemetery once each week'' created a valid trust, precatory or otherwise or an absolute gift, and if a trust was created, should it fail as being violative of the constitutional inhibition against perpetuities (art. XX, sec. 9, Const. of Cal.).

 As heretofore noted, no reporter's transcript has been filed and this appeal is prosecuted on the judgment roll alone. In this state it is the rule that upon a direct appeal from the judgment upon the judgment roll alone it will be assumed in support of the judgment that all objections to the evidence in support of the findings were waived (*Crowther* v. *Metalite Mfg. Co.*, 133 Cal.App. 452, 455 [24 P.2d 551]). In *Poledori* v. *Newman*, 116 Cal. 375 [48 P. 325], our Supreme Court said: ''If objection to the introduction of any evidence had been made upon the ground that the defect to which it related was not alleged in the complaint, the court would have

permitted plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings." Furthermore, we must presume that evidence was introduced which would support the findings as made without any objection upon the part of contestant and appellant; and also, that all parties in the court below treated the facts presented as issues properly before the court in the proceeding. A different situation might be presented if the entire record were before this court (*First Trust & Savings Bank* v. *Warden,* 18 Cal.App.2d 131, 133, 134 [63 P.2d 329]; *Merron* v. *Title Guarantee & Trust Co.,* 45 Cal.App.2d 60, 63 [113 P.2d 481]).

▉ Where, as in the case at bar, the will was drawn solely by the testatrix and she was, as the court found, unacquainted with the technical sense in which the words "in trust" are used, section 106 of the Probate Code empowered the court to determine whether the just quoted phrase was used by the testatrix in its technical and legal sense or in its popular sense. After hearing extrinsic evidence, the court found as a fact, upon what we must consider on this appeal was sufficient evidence, that under the circumstances here present the phrase was intended by the testatrix to be expressive of the trust and confidence which she reposed in her friend of so many years; that he was to take the $2,000 with absolute ownership therein; and that the questioned words were, as found by the court "merely intended to express a wish or desire of the testatrix leaving the matter entirely to the discretion of said W. H. Ball." As to the nature of the evidence taken at the hearing in the court below, we have no information. If it was addressed to the interpretation of the will, it should have been brought up on appeal through the medium of a reporter's transcript or in a bill of exceptions. ▉ To determine, if possible, the intention of the testator is the prime duty of the court in the interpretation of a will, and instances are numerous where, in connection with that duty, parol evidence is admissible. In *Estate of Weber,* 76 Cal.App. 723, at page 725 [245 P. 776], it was decisively held that where after a hearing the probate court bases its construction of the will upon the evidence presented,

which is the case herein, an appellate tribunal cannot, without having the evidence before it, say that a different construction should have been given, unless it is a case where no such evidence was admissible. ■ And we cannot say that such a situation prevailed in the instant case, but on the contrary must assume, where the appeal is upon the judgment roll alone, that the issues upon which findings were made were properly before the court, and that evidence was introduced, without objection, which would support the findings as made (*First Trust & Savings Bank* v. *Warden, supra*).

That portion of the order and judgment from which the appeal herein was taken is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1943. Curtis, J., and Traynor, J., voted for a hearing.