[Civ. No. 14229.   Second Dist., Div. One.   Mar. 30, 1944.]

H. A. DERRER, Appellant, v. KEELER GOLD MINES, INC. (a Corporation), Respondent.

Harold B. Pool for Appellant.

Charles J. Katz for Respondent.

WHITE, J.—This is an appeal on the judgment roll alone from a judgment in favor of defendant in an action for money due on a contract.

The record before us discloses that plaintiff and defendant corporation entered into a written contract on March 5, 1941, for the lease of a certain cyanide ore milling plant and equipment owned by the corporation. The original contract was amended April 22, 1941, but the terms of such amendment are not here pertinent. A second amendment was duly executed on March 15, 1941, and it is the construction placed by the trial court upon the terms of this amendment alone that is here in question.

Keeler Gold Mines, Inc., a corporation, entered into a written contract whereby said corporation leased to plaintiff Derrer the cyanide ore milling plant and equipment situated on mining claims in the Cerro Gordo Mining District in Inyo County. Under the original lease plaintiff Derrer agreed to pay as rental the sum of 75¢ per ton of 2,000 pounds for all ore or other material put through the leased mill, with a monthly minimum rental of $300. The original lease also granted to Derrer an option to purchase the mill equipment, and contained a provision prohibiting assignment of the lease to Derrer without the written consent of Keeler. By the amendment of March 15, 1941, the rental of 75¢ per ton was reduced to 50¢ per ton and the following agreement was also entered into: *"In the event that you are obligated to and do sell your lease agreement,* we will pay you 60% of any excess of any ton rental paid us under the straight lease basis of your assignee that is over and above 50¢ per ton. Likewise we will pay you 60% of any excess of any per ton rental paid us under the purchase option basis by your assignee that is over and above $1.00 per ton; it being the intention that you shall thereby ultimately receive 60% of any excess received by us on purchase price which is in excess of $20,000. The above payments to be made you only when, as and if such payments are made us by your assignee."

Plaintiff, in his complaint filed June 30, 1942, alleged his assignment of the lease to one Charles E. Cord; set up the tonnage of ore milled by said Cord, and demanded a percentage of the amount received by Keeler from Cord over and above the 75¢ per ton rental paid by Cord. By its answer,

defendant, in addition to a general denial of the allegations contained in plaintiff's complaint, set up two affirmative defenses. By its first affirmative defense, defendant alleged that immediately prior to the execution by the parties of the heretofore mentioned amendment of March 15, 1941, plaintiff represented to defendant that subsequent to the execution of the original lease, it became necessary for plaintiff to obtain ore from the Darwin Consolidated Tungsten, Inc., and in so obtaining such ore he became obligated to and did give to Darwin an agreement whereby said Darwin could require plaintiff to transfer to it the lease together with the option to purchase. Further, that plaintiff represented to defendant that if Darwin requested such transfer, plaintiff would be required to comply therewith, and would thereby lose all opportunity for profit and recoupment of moneys expended by him in reconditioning the mill; that plaintiff requested defendant to cooperate by providing such opportunity for recoupment through an allowance to plaintiff of a percentage of any excess per ton rental in case plaintiff was obliged to assign his lease to Darwin. That in pursuance of and by reason of such representations, the just mentioned affirmative defense alleged, that by the phrase ''obliged to and do sell your lease agreement'' was meant the obligation of plaintiff to sell to Darwin only, and did not contemplate any other sale or assignment of the lease.

By its second affirmative defense, the defendant alleged that shortly after the execution of the aforesaid amendment to the agreement under date of March 15, 1941, a dispute arose between the parties concerning the alleged obligations of defendant to plaintiff under the terms of said agreement. That plaintiff asserted his right to certain compensation from defendant by reason of said original agreement and the amendments thereto. That defendant, while denying any liability to plaintiff, but solely for the purpose of terminating such dispute, agreed to pay plaintiff monthly 10 per cent of any per ton rental received by defendant after the latter had received for itself not less than 50¢ per ton. It was further alleged that plaintiff agreed to accept such payments from defendant in full settlement and compromise of all his claims against defendant under the agreements. That certain payments were made to plaintiff, pursuant to such compromise agreement which payments were made up to and includ-

ing the month of July, 1941; that plaintiff accepted and received such payments, but, thereafter, in September, 1941, notified defendant that he would no longer accept any such monthly payments of 10 per cent. That by reason of the conduct aforesaid, plaintiff is now estopped from asserting as against defendant any such claim or claims as were described in plaintiff's complaint.

The trial court, sitting without a jury, rendered judgment in favor of defendant corporation. In exhaustive findings of fact, the court explicitly and in detail found in favor of defendant on both of the aforesaid separate and affirmative defenses, and further found that the circumstances surrounding the execution of the above-quoted amendment were as alleged in defendant's cross-complaint.

Appellant's only contention on this appeal is that the contract (the above-quoted amendment) "was clear, concise, certain and not ambiguous in any respect and was not subject to any interpretation other than as shown by the contract itself"; and that the court in interpreting it according to the oral evidence received, added something to the contract, and thereby committed reversible error.

In his brief appellant concedes "that if the amendment to the original lease . . . means what the court found it to be, then the judgment of the court is proper," but, he argues, that the amendment to the contract of March 15, 1941, being clear, concise, certain and not ambiguous, in any respect, the court fell into error in receiving testimony of and concerning the circumstances surrounding the making of the contract of March 15, 1941, and the intention of the parties at that time. Appellant urges that the phrase in the agreement reading "in the event you are obliged to and do sell your lease agreement, we will pay you 60%," etc., is susceptible of a clear and unambiguous interpretation that the parties did not intend by the quoted words to restrict the payments provided by the amendment only to a sale of the lease to Darwin Consolidated Tungsten, Inc., but, on the contrary, that such language clearly and explicitly shows that the plaintiff was to receive the payments provided for in the March 15, 1941, agreement, in the event of any sale made by him of the lease to anyone at all.

Appellant does not contend that the findings are insufficient to support the judgment, but bases his attack on the

action of the court in admitting oral evidence to explain what the parties intended by the provision in the agreement reading "In the event you are obliged to and do sell." ▓ No rule is more firmly grounded in our law than the one which provides that upon an appeal taken upon the judgment roll alone, an appellate tribunal is not permitted to give consideration to alleged errors in the admission of testimony or alleged insufficiency of the evidence to support the findings, but confines consideration on such an appeal to the single question of the sufficiency of the findings to support the judgment. And, unless as a matter of law it can be said that the findings do not support the judgment, the latter must be affirmed. (*Eddy* v. *City of Los Angeles,* 28 Cal.App.2d 89 [82 P.2d 25].) ▓ No reporter's transcript having been filed herein and the appeal being prosecuted on the judgment roll alone, it must be assumed in support of the judgment that all objections to the evidence in support of the findings were waived. (*Crowther* v. *Metalite Mfg. Co.,* 133 Cal.App. 452, 455 [24 P.2d 551]; *Poledori* v. *Newman,* 116 Cal. 375, 378 [48 P. 325].) As to the nature of the evidence introduced at the trial, we have no information. If, as contended by appellant, it was addressed to the interpretation to be placed upon the above quoted language in the agreement, it should have been brought up on appeal through the medium of a reporter's transcript, or upon an agreed statement. (Rules 4 and 6 of Rules on Appeal to the Supreme Court and District Courts of Appeal.) ▓ In the construction of contracts the prime duty of the court is to determine, if possible, the intention of the parties (Civ. Code, § 1636); and instances are numerous where in connection with that duty parol evidence is admissible (Code Civ. Proc., § 1860). Appellant strongly relies upon section 1856 of the same code, but by the very terms of that section it must be read together and in conjunction with section 1860 of the Code of Civil Procedure which provides that "the circumstances under which it [the instrument] was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret." ▓ For aught that appears in the record before us, appellant himself may have offered oral testimony at the trial to explain the contract, or parol evidence may have been introduced without

objection. In fact, upon an appeal taken on the judgment roll alone, we must assume that the issues upon which findings were made were properly before the court, and that evidence was introduced without objection which would support the findings as made. (*First Trust & Savings Bank* v. *Warden,* 18 Cal.App.2d 131, 134 [63 P.2d 329].) A different situation might be presented, if the entire record were before this court. Where, as here, the record contains findings of fact upon the issues raised by the pleadings, and which support the conclusions of law reached by the trial court, the inquiry is at an end. (*Merron* v. *Title Guar. & Trust Co.,* 45 Cal.App.2d 60, 63 [113 P.2d 481] ; *California Employment Com.* v. *Arrow Mill Co.,* 45 Cal.App.2d 668, 671 [114 P.2d 727].)

Finally, it may be said that appellant confines his attack solely to the findings in favor of defendant on the latter's first affirmative defense. None of the other findings are challenged. And the finding based on defendant's second affirmative defense of estoppel, which in itself constituted a complete defense to plaintiff's action, is sufficient to support the judgment herein.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.